THE CHARLES BAUMBACH COMPANY, Appellant, vs. GESSLER, Respondent.

*April 14 — May 3, 1892.*

(*1*) *Appeal: Bill of exceptions: Evidence.* (*2*) *Sale of chattels: Instructions to jury.* (*3*) *Costs: Travel and attendance of witnesses not sworn.*

1. Where the bill of exceptions is not certified to contain all the testimony, it will be assumed, on appeal, that the testimony supports the verdict and all statements of fact in the instructions to the jury.

2. In an action for the purchase price of goods sold to defendant for a certain purpose, and rejected by him on the ground that they were not suitable for that purpose, the court instructed the jury that the law permits one who purchases goods, and finds them unfit for the purposes intended, to return them to the vendor; *that the defendant therefore did perfectly right in notifying plaintiff that he refused to accept the goods and that they were subject to plaintiff's order.* Immediately thereafter the court submitted to the jury the question whether the goods were suitable for the purpose for which plaintiff knew they were intended. *Held* that, considered in connection with what preceded and followed it, that part of the instruction which is italicised did not take the question at issue from the jury, and was not erroneous.

3. Costs were properly allowed for the travel and attendance of witnesses who were not sworn on the trial, where the attendance of such witnesses was regularly proved.

APPEAL from the Superior Court of *Milwaukee* County. The action is to recover the contract price of 500,000 "Cachet Wafers." The defense is that the wafers delivered were not of the quality contracted for; were not suitable for the purpose for which they were purchased; and that after the wafers had been sent to him defendant rescinded the purchase and offered to return them to plaintiff. A more full statement of the case will be found in 79 Wis. 567, the case having been here on a former appeal. The jury returned a verdict for the defendant. A motion

for a new trial was denied, and judgment for defendant entered pursuant to the verdict. Plaintiff appeals from the judgment.

For the appellant there was a brief by *McKenney & Wambold*, and oral argument by *H. A. Wambold*.

For the respondent the cause was submitted on the brief of *Rose & Bell*.

Lyon, C. J. The bill of exceptions is not certified to contain all the testimony; hence we cannot review the testimony on this appeal, but must assume that it supports the verdict and all statements of fact in the instructions given the jury. This is a complete answer to all exceptions to the instructions save one.

After stating to the jury that the law permits one who purchases goods and finds them unfit for the uses intended, to retain the goods and recoup his damages against the price, or to return, or offer to return, them to the vendor, the learned trial judge said: "*Mr. Gessler*, the defendant in this case, therefore did perfectly right in notifying Mr. Baumbach, or the *Baumbach Company*, the plaintiff in this case, that he refused to accept these goods, and notified them that they were subject to their order." Immediately thereafter the judge submitted to the jury the question whether the wafers were suitable for the purpose intended,— the plaintiff knowing what that purpose was. It is maintained on behalf of plaintiff that in the sentence above quoted the judge took the whole question from the jury. If the sentence stood alone, there would be force in the claim. But it does not stand alone. It is perfectly obvious from what precedes and follows it that the judge said what he did hypothetically; that is, he told the jury, in effect, that if the wafers were not suitable for the use intended the defendant had the right to return, or offer to return, them to the plaintiff. There is no error in this.

Counsel for plaintiff objected to numerous items in the proposed bill of costs, but the clerk overruled such objections. Counsel thereupon appealed, and the court affirmed the taxation. In a written opinion the judge states at considerable length his reasons for overruling the objections to the taxation. Those reasons are satisfactory to us. The only objection here urged is that costs are allowed for travel and attendance of witnesses for defendant who were not sworn on the trial. The attendance of such witnesses having been regularly proved, the objection is not well taken.

*By the Court.*— The judgment of the superior court is affirmed.