JOHN SCHULER v. MINNEAPOLIS STREET-RAILWAY COMPANY.

April 21, 1899.

Nos. 11,429—(4).

**Statutory Costs to Prevailing Party—G. S. 1894, § 5498.**

Actions were brought by different plaintiffs, husband and wife, against the same defendant, to recover for injuries received in the same accident. By consent of all parties, the cases were tried together, separate verdicts being rendered. Plaintiff wife had a verdict in which her costs and disbursements were taxed and allowed, judgment entered and paid. In the other action the verdict was in defendant's favor. *Held*, that under the provisions of G. S. 1894, § 5498, the defendant, prevailing party in the

action brought by the husband, was entitled to recover ten dollars statutory costs, therein prescribed.

## Same—Disbursements and Witness Fees—G. S. 1894, § 5500.

*Held*, further, that under G. S. 1894, § 5500, defendant, prevailing party in the action brought by the husband, was also entitled to recover disbursements paid or incurred as fees for witnesses who were subpœnaed and attended in that action, although it was admitted that the witnesses were as necessary and material in one case as in the other, and would have been produced and sworn in both, had there been separate trials.

## Same—Fees for Witnesses not Sworn.

It is not error to allow fees for travel and attendance of witnesses, who are not sworn at the trial, where the attendance of such witnesses is regularly proved. And fees of witnesses actually in attendance, though not called to testify, are properly taxed, where, if a certain state of facts had been shown by the other party, his opponent would have been compelled to call such witnesses.

Appeal by plaintiff from a judgment of the district court for Hennepin county, in favor of defendant, in which its costs and disbursements were taxed in the sum of $245.23, pursuant to the allowance of McGee, J. Affirmed.

*Francis B. Hart*, for appellant.

*Koon, Whelan & Bennett*, for respondent.

COLLINS, J.

Appeal from a judgment for defendant's costs and disbursements.

The facts were that plaintiff and his wife, while riding in a carriage, came in collision with one of defendant's cars, and received personal injuries. The wife brought an action to recover damages, and this plaintiff also brought an action of the same nature. In addition to his claim for personal injuries, plaintiff sought to recover for money paid out for medical treatment given his wife and damages for his broken carriage. Under an agreement, the cases were tried and submitted to a jury together, separate verdicts being returned. That in the action brought by the wife was in her favor, and judgment entered thereon has been duly satisfied and paid. In this action—the one brought by the husband—the verdict was in defendant's favor. On this verdict it attempted to enter judg-

ment for statutory costs, and for its disbursements, to which several objections were made by plaintiff's counsel, and overruled by the court, the judgment appealed from being finally entered.

From the affidavits and a stipulation of facts used at the hearing by the court below, it appears that after it had been agreed that the causes should be tried together, separate verdicts to be returned, defendant caused a subpœna to be issued in this action for service upon the witnesses whose fees are now in question. This subpœna was served and the fees paid. All of the witnesses attended at the first trial, which resulted in a disagreement, but two were not sworn. All but these two attended and were sworn at the second trial, in which these verdicts were rendered. All witnesses subpœnaed and sworn for defendant at the second trial, whose fees are included in the judgment, were necessary and material for the defense in each action, and if the actions had been separately tried would have been produced and sworn on the trial of each. The defendant's bill of costs and disbursements was filed, as provided in G. S. 1894, § 5505, whereupon plaintiff's attorney filed in writing one general, and several special, objections, and these were duly certified to the district court for determination. The items as detailed were allowed, with one exception, and the judgment entered.

1. The general objection was as to each item, and was based upon the admission, before referred to, that all of the witness fees in question were for witnesses whose attendance was necessary and material in one case as much as in the other, and who would have been produced and sworn in both, had there been separate trials. The objection was that no costs or disbursements could be taxed in defendant's favor, because the causes were tried together by consent of parties, and that in the action brought by the wife the verdict was against this defendant, the costs and disbursements had been taxed and allowed, and the judgment entered and duly paid. A majority of the court are of the opinion that this objection is without merit.

It was incumbent upon defendant properly to prepare for its defense in this cause, as well as in the other, and there was nothing irregular or improper in the issuance and service of a subpœna in

this particular action. That it had been agreed that the causes should be tried together might be a good reason for not issuing subpœnas and paying fees in both, but would not justify a failure so to do in one, and it was for defendant to determine which one. G. S. 1894, § 5498, provides for the allowance of ten dollars statutory costs to the prevailing party in actions commenced in district court, where judgment is rendered in his favor on the merits. Such was this case.

By section 5500, the prevailing party is also to be allowed all disbursements necessarily paid or incurred in every action commenced in district court, except certain actions of which a justice of the peace has original jurisdiction. It is beyond dispute that the disbursements in question were necessarily paid or incurred in the defense of an action in which the party who taxed the same prevailed on the merits, although the witnesses to whom the fees were paid were equally as necessary in the other action. Holding that because the verdict in the other cause was against defendant it should be deprived of its statutory costs and all disbursements, paid or incurred in this, would be to punish it for consenting that the causes might be tried together, and thus to discourage a very commendable practice in all cases controlled by the same state of facts. We have called attention to the fact that the general objection was as to all of the fees paid to these witnesses.

There was no suggestion below, nor has there been any in this court, that an equitable apportionment of these disbursements should have been made, and that the court below should have charged up to the other action a portion of these fees. If such a question was before us, it would be considered, but it is not. Section 5505 expressly provides that a party objecting to any item presented in the bill of costs and disbursements shall specify in writing the grounds of objection, and, in case of appeal, these objections are to be certified to the court by the clerk. The appeal is to be heard and determined by the court upon the objections so certified, "and none other." The ground of objection urged before the clerk, and also on the hearing before the district court, we have already stated. We need not repeat. The object of this section was to prevent a party appealing from urging before the court any ground

of objection which the clerk had not been called upon to determine. Davidson v. Lamprey, 17 Minn. 16 (32). The ground of the general objection as originally made was that, for reasons which we hold untenable, no part of these costs and disbursements should be taxed and allowed by the clerk. Now to reverse the tribunal which passed upon that ground of objection because, for equitable reasons, it had the power, perhaps, to adjust and apportion a part or all of these items, would not only allow upon appeal a new ground of objection, but would be very unfair and unjust to defendant.

2. The special objections, which need some consideration, are two in number. Two of the witnesses subpœnaed at the first trial, one of them a surgeon, were not sworn. Nor did they attend the second trial. The law is well settled that:

(1) It is not error to allow costs for travel and attendance of witnesses, who were not sworn at the trial, where the attendance of such witnesses is regularly proved. Baumbach Co. v. Gessler, 82 Wis. 231, 52 N. W. 259.

(2) It is not an abuse of discretion to allow a successful plaintiff to recover the fees and mileage of a witness subpœnaed, but not used, where there is evidence that the plaintiff summoned such witness under a belief, induced by defendant's conduct, that his testimony would be needed in rebuttal. Ohio v. Trapp, 4 Ind. App. 69, 30 N. E. 812.

(3) Fees of witnesses actually in attendance, though not called to testify, are properly taxed, where, if a certain state of facts had been shown by the other party, such party would have been compelled to call such witnesses. Com. v. Swisher, 3 Pa. Dist. 662.

The attendance of these witnesses was regularly proved under a well-justified belief, induced by plaintiffs' conduct, that their testimony would be needed. It turned out at the first trial that their attendance was unnecessary, and no attempt was made to have them present at the second. The court below did not abuse its discretion in allowing these items of disbursements.

Judgment affirmed.

CANTY, J. (dissenting).

I cannot concur in the foregoing opinion so far as it holds that defendant may tax in this action its entire disbursements in both actions. On the taxation of costs in the court below, the plaintiff

and defendant stipulated in writing that both actions were tried together; that in the other action the plaintiff therein had a verdict, and in this action the defendant had a verdict; that defendant's witnesses were necessary and material in both actions; and that the defendant seeks to tax in this action against this plaintiff its entire disbursements in both actions. On these facts, the plaintiff herein objected to the taxation of any costs in this action, for the reason that the witnesses were necessary and material in the other action, were used equally and at the same time in the other action, and the plaintiff prevailed in the other action. It seems to me clearly that, under such circumstances, one-half of defendant's disbursements should be apportioned to each case, and that this plaintiff's objection, and the facts on which it is based, show, not that it should recover no disbursements at all, as plaintiff contends, but that it should recover only one-half of its disbursements.

The majority seem to intimate that because the plaintiff drew too strong a conclusion from his objections and the facts on which they are based, he has forfeited all right to defend against this excessive bill of costs. But this intimation of the majority is a very slight one. They seem to base their opinion on the broad ground that the defendant is entitled to tax all its disbursements in this action, from which it would follow that, if defendant had prevailed in the other action also, it would be entitled to recover its disbursements twice, once from each plaintiff. Then the majority intimate that, if plaintiff's counsel had made a certain suggestion, the law might be different; from which it would follow that the law of this great state depends, not on the enactments of the legislature or the eternal principles of justice and equity, but on the suggestions of the counsel in each case. In my opinion, the judgment should be modified by cutting down one-half the bill of disbursements taxed by defendant.

MITCHELL, J. (dissenting).

I unite in the dissent of Justice CANTY, and for substantially the reasons given by him. The record presents the point, and all that can be said against the course of plaintiff's counsel is that, in urging his objections to defendant's bill of costs, he claimed too

much. I do not think this amounts to a waiver of the point or a failure to make it. The fact that the subpœna to secure the attendance of the witnesses was issued in this action is not at all material.