## Charles Loehner v. North Chicago Street Railroad Company and Chicago Union Traction Company.

### Gen. No. 11,513.

1. NEGLIGENCE—*what does not constitute.* The passing by a street car of a wagon on a parallel track, is not negligence upon the part of the traction company.

2. NEGLIGENCE—*when burden of proving, rests upon the passenger.* While the general rule is that the burden of proof shifts where the relation of passenger and carrier, together with the fact of the accident and the injury, is established, yet where it appears that the proximate cause of the injury, at least in part, was the act of a third person over whom the carrier had no control, the presumption of negligence from the happening of the accident does not arise, but the duty of proving the negligence of the carrier rests upon the passenger.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed October 10, 1904. Rehearing denied October 24, 1904.

WILLIAM E. HUGHES and J. W. SUTTON, for appellant.

JOHN A. ROSE and LOUIS BOISOT, for appellees; W. W. GURLEY, of counsel.

MR. JUSTICE BALL delivered the opinion of the court.

Lincoln avenue runs northwest and southeast. Halsted street runs north and south. Fullerton avenue runs east and west. These are highways in the city of Chicago. Lincoln avenue crosses Halsted and Fullerton where they intersect. Appellees own and operate a double track street railway in and along Lincoln avenue to the north and south of such intersection.

July 26, 1898, appellant was a passenger upon one of appellees' trains. He boarded the car at Wrightwood avenue, which is northwest of this intersection, intending to be carried over it and down into the heart of the city. At this intersection the car in which appellant was riding and a coal wagon collided and he was seriously injured. He brought this suit to recover his damages. Upon the trial,

at the close of the evidence of appellant, the court, at the request of appellees, instructed the jury to find for the defendants; and thereupon the jury returned a verdict finding the defendants not guilty. From the judgment entered upon that verdict appellant brings this appeal.

The car in which appellant was riding at the time of his injury was the rear trailer in a train of three cars. He occupied the rear seat but one upon the left-hand side, facing southeast. This incoming train ran upon the south-westerly track. When the train came upon the intersection of Fullerton avenue and Halsted street, a coal wagon was passing northwest in the northeasterly track. The grip-car, the first trailer and two-thirds of the trailer in which appellant was sitting had passed the wagon in safety, when the rear end of the wagon slued around, coming in contact with the car, breaking the two rear stanchions upon that side of the car, and thus inflicting the injuries of which complaint is here made. It appears that the driver of the wagon attempted to pull his team and wagon out to his right in order to give passage for an outbound train which was coming upon the track in which he was driving, and that in so doing the rear wheels of the wagon slipped on the rails, either of the main track or of a switch there situate, thus throwing the hind end of the wagon box into the side of the car.

The evidence shows no negligence in the management of the train. No defect in the machinery, cars or track is alleged or proven. The car in which appellant sat did not leave the track. The passing of the train along one track and that of the wagon along the other and parallel track was not negligence; nor is it dangerous. It is done more than a thousand times a day in Chicago upon each of the main street car lines, without accident or injury to any one.

· The main contention of appellant's counsel is that proof that he was a passenger for hire on appellees' street railway car, and while riding thereon was injured, makes a *prima facie* case in favor of appellant; and, therefore, it was error for the court, at the close of the evidence for ap-

Chicago City Ry. Co. v. Hyndshaw.

pellant, to direct a verdict for appellees. Many cases are cited showing that a carrier of passengers is bound to use the utmost diligence and care for the safety of its passengers consistent with the practical operation of its road; and that proof that the relation of carrier and passenger existed, that the accident happened, and that the injury was inflicted, shifts the burden of proof to the carrier to show that it was not negligent in the premises. There is no doubt but such is the general rule. But there is a well-defined exception to this rule, namely, that where the approximate cause of the injury, at least in part, was the act of a third person over whom the carrier had no control, the presumption of negligence from the happening of the accident does not arise, but the duty of proving the negligence of the carrier rests upon the passenger. Chicago City Ry. Co. v. Rood, 163 Ill. 477; Potts v. Chicago City Ry. Co., 33 Fed. Rep. 610; Fleming v. Railway, 158 Pa. St. 130. Appellant, not having shown negligence upon the part of appellees, failed to make out his case. Under the evidence the learned trial judge could not do other than he did. Hence, the errors, if any, in the admission and in the exclusion of evidence are immaterial.

Finding no reversible error in the record, we affirm the judgment of the Circuit Court.

*Affirmed.*