LOUIS K. NAAS and Others v. CHICAGO, ROCK ISLAND & PACIFIC
RAILWAY COMPANY.[1]

October 27, 1905.

Nos. 14,466—(53).

**Evidence—Car Report.**

As against the objection that it was incompetent, immaterial, and no
foundation laid, it was not error to receive in evidence a written memo-
randum or report concerning which the party who executed it had testi-
fied that it was correct, made in the usual course of business, and turned
into the office of his employer in the customary manner, although the
witness did not state distinctly that he had no independent recollection
of the facts contained in the report.

**Notice to Consignee.**

The court committed no prejudicial error in instructing the jury upon
the question whether the consignee had received proper notice of the de-
livery of the car by the common carrier.

Action in the municipal court of Minneapolis to recover from de-
fendant railway company $400 damages for delay and carelessness in
transporting a carload of strawberries. The case was tried before
Charles L. Smith, J., and a jury, which rendered a verdict in favor
of defendant. From an order granting a motion for a new trial, de-
fendant appealed. Reversed.

*John Lind* and *A. Ueland,* for appellant.

*George C. Stiles,* for respondents.

LEWIS, J.

Respondent Conrad Schopp Fruit Company, of St. Louis, shipped
a carload of strawberries from that point to Naas Bros., commission
merchants, at Minneapolis, in a refrigerator car furnished by the Chi-
cago, Burlington & Quincy Railway Company. Appellant was a con-
necting carrier, and transported the car from Burlington, Iowa, to
Minneapolis, its destination. The berries having deteriorated, this ac-
tion was brought by the shipper and consignees to recover damages.
A verdict having been returned for appellant, the court granted a mo-

[1] Reported in 104 N. W. 717.

tion for a new trial, and, if there was sufficient evidence to sustain the verdict, appellant must prevail upon this appeal, unless the court committed errors in law during the trial. Having come to the conclusion that the case must be reversed upon the grounds hereafter set forth, it will not be necessary to consider two questions presented and argued by appellant in support of its motion for judgment non obstante, viz.: Whether the contract contained in the bill of lading was binding upon both parties; and, if so, was the stipulation as to the method of estimating damages waived by appellant? And, further, was the complaint sufficient to charge appellant with negligence in failing to properly ice the car? For the purposes of this case only we will assume that the complaint was sufficient.

As a part of appellant's case upon the question of its negligence in not properly icing the car, it offered in evidence what is called a "station refrigerator car report." A witness was called, who testified that he was appellant's yard clerk at Minneapolis, and that his duties were to take a record at seven o'clock in the morning of all cars on the team track; that he made an examination of the whole yard at seven o'clock a. m., June 6, of the cars upon the several tracks, and made a record thereof under the headings of the several tracks; that the car in question was on track No. 4, and that he entered in the proper book for that purpose a record of his examination, and that the same was correctly made. The witness further stated that it was his duty to report the quantity of ice in the car at the time, and the condition of the fruit, and turn such report in to the freight office. The witness, having been shown the refrigerator car report for the car in question (Exhibit 9), stated that he made it June 6, 1903; that it was in his handwriting and a correct report, made in the usual performance of his duties and turned in to the freight office in the usual way. Objection was made to the report upon the ground that it was immaterial, incompetent, and no foundation laid for its introduction. The report was properly received in evidence, provided it appeared that the witness had no independent recollection of the facts it contained. From the general questions put and answered relative to the cars and their location, and his recollection of the facts, it sufficiently appears that he had no recollection of the facts written down by him, and, if respondents' counsel had any doubt on the subject, he should have called attention to the specific

point. Under such circumstances it was not error to receive the report. We do not decide whether it was admissible as an original record.

The court having instructed the jury to the effect that if the car was delivered at Minneapolis the night of June 5, and appellant on that date notified the consignees of the fact, such notice was sufficient to relieve appellant from liability as a common carrier, respondents' counsel called the court's attention to the instruction, pointing out what he deemed to be error, whereupon the court further charged the jury to the effect that from the time the car was placed on an unloading track available to be delivered, or available for the consignees to unload it, and having due notice, was a sufficient placing of the car to relieve appellant from liability; that appellant was required to place the car at some suitable place where the consignees could unload it, and that they have notice of such fact. The court remarked that the jury could consider whether the consignees had other notice than from appellant, and, if so, if they knew the car was there, then it was not necessary for the railroad company to notify them. Although the specific ground of negligence charged in the complaint was for delay in transportation, the ground relied upon at the trial was for failure to keep the car properly iced. The car was placed upon the team track, available to consignees not later than seven or 7:30 o'clock Saturday morning. Consignees had been informed by appellant the previous evening that the car would arrive about 10:30 that night. Although one of respondents testified that he looked for the car as early as five o'clock Saturday morning, and did not find it until about seven o'clock, such failure to find it does not appear to have depended on want of notice of its arrival. In the absence of evidence to show that respondents were misled by some failure of appellant to give notice, the instruction was not prejudicial.

There was sufficient evidence to support the verdict, and, no errors having occurred at the trial, the order appealed from is reversed, and judgment ordered for defendant.