ROGERS *v.* KRUMREI.

EVIDENCE—MEMORANDA—RES GESTÆ.
> On the issue whether certain cement blocks were agreed to be
> furnished at actual cost of making, or at an agreed price, a
> memorandum of the price which the buyer claims was agreed
> upon, made by the buyer in the seller's immediate presence,
> is admissible as res gestæ.

Error to Washtenaw; Kinne, J. Submitted December
.5, 1905. (Docket No. 258.) Decided January 24, 1906.

Assumpsit by Elwood C. Rogers and James Thoms
against August F. Krumrei for goods sold and delivered.
There was judgment for plaintiffs, and defendant brings
error. Reversed.

*Murray & Storm* and *Arthur Brown*, for appellant.

*Bennett & Newkirk*, for appellees.

MONTGOMERY, J. Plaintiffs sued to recover for cement
blocks furnished to defendant for use in the construction
of a dwelling house. The plaintiffs' testimony tended to
show that the blocks were furnished to defendant under
an agreement that he should pay to plaintiffs the actual
cost of the work and material; their purpose being to
advertise their work at Ann Arbor. The defendant testi-
fied that the blocks were furnished at an agreed price.
Upon this issue the jury found for plaintiffs. Defendant
brings error, and alleges that there was error in denying
his motion for a new trial and in the ruling of the court
in excluding a memorandum appearing upon his book,
claimed to have been made at the time the contract was
made. His testimony as to this memorandum was as
follows:

" In Saline, on the church grounds, the first time I dealt with plaintiffs and made arrangements with them, I marked the figures in my book.    Mr. Rogers stood where I think he could see it.    I stood right beside him, and Mr. Rogers came back and gave me the figures—8 cents a block, or $80 for 1,000.    I marked it down in my book. Then I said: 'You figure up what this whole job will come to; make the color all right.'    I gave him the number of the house, and he went back to Mr. Thoms and figured and came back and gave me the figures of $136, and I still had my book in my hands, and he stood right by me when I put it down as you will find it there.    He couldn't help but see me mark it in the book.    The other items about the rock face and the color were entered four to six weeks later at Rogers' house on the porch.    He was also sitting on the porch.    I laid the book down right before him, and he could see when I put down the $15 for the rock face, and for the plain face and color whatever it cost.    He couldn't help but see me write it.    He was sitting right by me."

The memorandum was then offered and excluded.    In this ruling there was error.    The memorandum was made in the immediate presence of the plaintiff with whom the contract was made, and, while not conclusive, was a part of the res gestæ, and as such admissible testimony.    1 Current Law, p. 1149; *Bennett* v. *Smith*, 40 Mich. 211; *Freese* v. *Arnold*, 99 Mich. 13; *Place* v. *Baugher*, 159 Ind. 232. The case of *Weaver* v. *Bromley*, 65 Mich. 212, cited by plaintiff, is quite different.    In that case the memorandum was not made in the presence of the other interested party.    We are not able to say that this error was without prejudice.    The case was a close one on its facts, and defendant was entitled to the benefit of all legitimate testimony.

The judgment is reversed, and a new trial ordered.

McAlvay, Ostrander, Hooker, and Moore, JJ., concurred.