ISAAC DEATHERAGE and Another v. CHARLES J. PETRUSCHKE and
Another.[1]

October 16, 1908.

Nos. 15,725—(227).

**Evidence.**

> Before any work had been done or any material had been furnished
> under a written contract for decorating a building, the wife of one party,
> at his request, but without the authority or consent, express or implied,
> of the other party, made an entry in a book of an oral contract as of a
> later date, which modified the original agreement, and which the other
> party denied having entered into. It is *held* that the entry was inad-
> missible as self-serving, and that its reception was prejudicial error.

Action in the district court for St. Louis county to recover $330.-
81, the balance alleged to be unpaid upon a contract for painting and
decorating a certain house. Defendants set up a counterclaim that
the work was not done in a workmanlike manner. The case was tried
before Ensign, J., and a jury which rendered a verdict in favor of
plaintiffs for $277.21. From an order denying defendants' motion
for judgment notwithstanding the verdict or for a new trial, they ap-
pealed. Reversed and new trial ordered.

*Alexander Marshall,* for appellants.

*Jno. Jenswold, Jr.,* and *John Heitmann,* for respondents.

JAGGARD, J.

Defendants and appellants let a contract for the remodeling of their
house to one Zauft, who sublet part of the work to plaintiffs and re-
spondents. Plaintiffs claimed that they undertook to finish the house
more elaborately than was originally contemplated, that they subse-
quently entered into an oral contract with defendants whereby plain-
tiffs agreed to do the decorating and defendants to pay $250, that
afterward defendants desired other changes and additions, and that
plaintiffs fully performed their oral contract and did the work in
a proper manner. Defendants insist, inter alia, that no such subse-
quent oral contract was made, that the work done by plaintiffs was

[1] Reported in 118 N. W. 153.

under the Zauft contract and for "the agreed sum of $170, in addition to $135 then paid or thereafter to be paid to said plaintiffs by one Zauft," and that plaintiffs had been in fact paid $150. The principal dispute concerns the oral contract for $250. The jury found for the plaintiffs. This appeal was taken from the order denying the defendants' usual alternative motion.

To prove the execution of the oral contract, the wife of one of the plaintiffs testified that she made in a book (offered in evidence) an entry of the materials and of the various contracts, amounts paid, etc. "If it was a contract, did you make a memorandum of that contract? A. I did. Q. Did you make a memorandum of the contract here in question between" [plaintiff and your husband] Mr. Deatherage and Mr. Petruschke? "A. I did. (I entered it in my book under the date of October 18th.) I know that the date on which this entry was made was the date upon which the contract was made to which that entry referred. I know the contract was entered in this book the day it was made. I remember distinctly of him [the respondent] coming in and ordering me to put this in the book. I received these facts in relation to what I call the contract from my husband." The court, after some further proof by the husband himself and one of the defendants, admitted in evidence an exhibit, a part of the book, which contained the entry:

"10/18. Mrs. Petruschke.
To lining walls and painting three rooms and hall, 250.00."

This was duly objected to, and, when the objection was overruled, an exception was taken. This exception was within the scope of the motion for a new trial. The admission of this evidence was here duly assigned as error and argued in this court. The question is properly before us for decision. Not the colloquy between counsel for plaintiff and the court on trial, nor what may have happened on the argument of the alternative motion in the court below, nor in the sending of the exhibit to the jury, nor any conduct on the part of the counsel for plaintiff, amounted to a waiver of his objection and exception.

The evidence quoted and the nature of the entry itself show that the exhibit was offered as a memorandum of a contract to prove the contract. It was made before any material had been furnished and

any work had been done under the contract. It did not purport to be an entry for money paid, or goods or other articles sold or delivered, or materials furnished, or services rendered. It was not made by the direction or with the consent of the party sought to be charged on the contract. It was not within the terms of the current statutes authorizing the admission of account books (R. L. 1905, § 4719), nor of the common-law rule which they embody. The evidence was self-serving. It was objectionable, and its admission error. The authorities clearly and with entire unanimity determine that it was not admissible. "The entry must purport to record the whole of the transaction as alleged; in other words, a mere order-book or an entry of an order, not showing the delivery of the alleged goods or the rendering of the alleged services, could not be received." 2 Wigmore, Ev. § 1556, collecting cases in note. And see Id. § 1548. In a particularly valuable note on what is provable by books of account in 52 L. R. A. 689, at page 711, it is said: "It is a well-settled rule that books of account are not competent evidence to prove or contradict a special contract. This results from the reiterated doctrine that the use of books of account as evidence at all arises in the necessity of the case, and that where the fact to be proved is or should be evidenced by a formal writing, or is susceptible of proof by other proper evidence, the books are not to be referred to."

A case essentially similar to the one at bar, was presented in Hazer v. Streich, 92 Wis. 505, 66 N. W. 720. There a memorandum of a contract of sale was entered in books of account of the vendee by his wife, acting as his bookkeeper, at his direction. It was then read over by him. The court said: "It is very clear that it was not admissible as a book of account under the statute, because it is neither a charge nor a credit nor an entry that properly belongs to an account. A memorandum otherwise incompetent cannot be made admissible by being written in a book of account." In this case it appeared that the wife had written the memorandum in the presence of the parties. In Michigan it is the rule that, where the memorandum is not made in the presence of either interested party, it is not admissible (Weaver v. Bromley, 65 Mich. 212, 31 N. W. 839), but that, where the memorandum of the agreement is made by one party in the immediate presence of the other party at the time the contract was

made, it is admissible as res gestæ (Rogers v. Krumrei, 143 Mich. 15, 106 N. W. 279). It is clearly settled in that state that it is error to permit a party in interest to introduce in evidence an entry on his books of account as his version of a parol contract. Collins v. Shaw, 124 Mich. 474, 83 N. W. 146.

The error in receiving the exhibit was prejudicial. The evidence for plaintiff, additional to this entry, was far from being conclusive. Indeed, defendant's argument that the verdict was not sustained by the evidence, based upon a fair examination of the record, is extremely cogent. In view of this conclusion it would be obviously improper to anticipate the future progress of the trial and the admission of another and different entry, in which the contract prices and many other terms were made at a later time.

Reversed and new trial ordered.