# HENRY C. FARMER v. STUDEBAKER CORPORATION OF AMERICA.[1]

## July 10, 1914.

## Nos. 18,643—(188).

**Contract — question for jury.**

1. The controversy as to whether plaintiff and defendant entered into a contract, whereby plaintiff became agent for the sale of defendant's automobiles within certain designated territory, and, if so, as to whether defendant agreed to pay plaintiff a commission upon all sales to residents within such territory, by whomsoever made, was properly submitted to the jury and the evidence is sufficient to sustain the verdict.

**Change of plea.**

2. Defendant, having conceded at the trial that the sales in controversy were made within the designated territory, cannot urge, on appeal, that such sales were in fact made outside such territory.

**Evidence — discretion of court.**

3. Excluding a circular, of which plaintiff had no knowledge, and which was offered in evidence by defendant solely for the purpose of explaining the acts of its manager, was not an abuse of discretion.

Action in the district court for Washington county to recover $1,357.72 commissions earned by plaintiff under the agreement mentioned in the opinion. The answer denied the allegations of the complaint. The case was tried before Stolberg, J., and a jury which returned a verdict of $1,136.10, and interest, in favor of plaintiff. From the order denying its motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Cobb, Wheelwright & Dille,* for appellant.

*J. N. Searles,* for respondent.

[1] Reported in 148 N. W. 285.

Taylor, C.

Plaintiff claims that, in August, 1912, he entered into a contract with defendant, whereby he became the agent of defendant for the sale of its automobiles within certain designated territory, and whereby defendant agreed to pay him a stipulated commission upon all sales made to residents within such territory, whether such sales were made by himself or by others. Defendant denied any such agreement. Plaintiff brought this action to recover the stipulated commission upon five sales made by others to residents within the designated territory and recovered a verdict. Thereafter defendant made the usual alternative motion for judgment notwithstanding the verdict or for a new trial; this motion was denied and defendant appealed.

The main question involved is one of fact. Plaintiff had been the agent of defendant during the preceding year under a written contract which by its terms expired on August 1, 1912. This contract did not confer upon him the exclusive right to make sales to residents within the designated territory, and he does not claim that he was entitled thereunder to commissions upon such sales made by others. In the early part of August, 1912, plaintiff and defendant's manager at Minneapolis had an interview which resulted in the sale of three machines to or through plaintiff. Plaintiff asserts that, at this time, he and the manager made a new oral contract for the ensuing year, and that, as a part of the transaction, he purchased these three machines. He also testifies that the manager stated as one of the terms of the contract that "you will get a commission on every machine sold in this territory mentioned to residents of the territory for the coming season, commencing August 7th." The manager strenuously denies making any such agreement, or any agreement whatever concerning the business of the following season, and claims that the transaction was confined to matters pertaining to the sale of the three machines mentioned. The controversy as to whether a contract for the ensuing year had been made, and as to the terms of such contract, if made, was properly submitted to the jury. They found for plaintiff upon these issues, and, as the evidence is sufficient to sustain their finding

and it has been approved by the trial court, this court cannot disturb it.

Defendant contends in this court that the terms of the contract, conceding them to be as stated by plaintiff, do not entitle him to commissions upon sales made outside the designated territory, although made to persons residing within such territory. The record shows that this point was not made at the trial and that defendant waived it. The court in its charge informed the jury that defendant conceded that the cars were sold within plaintiff's territory. At the conclusion of the charge defendant's counsel stated:

"What I meant to concede was that the four machines mentioned were sold within the territory that the plaintiff claims was covered by his contract. I didn't concede that it was within his territory. I don't consider that he had any territory, but I simply concede that the four cars were within the territory that he claims." Whereupon the court further stated to the jury: "It is conceded by the defendant that these four cars were sold by the defendant within the territory mentioned, that is, that part of the territory which is claimed by the plaintiff that he had; but it is not conceded, as I have stated, that the plaintiff had that agency or had a right to sell within that territory." This statement appears to have been acquiesced in as correct, and defendant is foreclosed from now insisting that the sales were made outside such territory.

In July, 1912, defendant issued a circular letter, offering to extend its contracts with agents for an additional month, and providing that agents should signify their acceptance of such proposition by signing and returning the circular. Defendant offered this circular in evidence, but the court sustained plaintiff's objection and excluded it. This ruling is assigned as error. No claim is made that the circular had ever been sent to plaintiff or that plaintiff ever had any knowledge of the proposition contained therein, but defendant insists that it should have been received in evidence as tending to explain the conduct of defendant's manager in arranging, as a part of the transaction with plaintiff in August, that one Walker should act as a subagent under plaintiff for a short period. A written agreement appointing Walker as such subagent was executed by plaintiff

and Walker, and it is admitted that this agreement was made and executed at the instance of the manager. As this arrangement was made after plaintiff's written contract had expired, he contends that it corroborates his claim that a new oral contract had been made, while defendant contends that its manager acted upon the assumption that the written contract had been extended to September first as proposed in the circular. Although the circular was not received in evidence, the manager testified that it related to extensions of contracts, and in answer to a question as to why the subagency contract with Walker was made to expire September 1, 1912, he stated: "It was made to expire at that time to expire concurrently with the contract which we had with Mr. Farmer, which was extended." These statements were received without objection, and show that the manager placed before the jury his claim that the subagency contract was made while plaintiff's written contract was in force and did not extend beyond the period covered by such written contract. Under the rule applied in Glassberg v. Olson, 89 Minn. 195, 94 N. W. 554, the circular might properly have been received as tending to explain the conduct of the manager; but the reception of such evidence rests largely in the discretion of the trial court, and we cannot say that such discretion was abused in the present instance.

Defendant also assigns as error that plaintiff was permitted to relate a conversation with one of defendant's salesmen, but, as it appears that the manager, being busy, directed plaintiff to confer with this salesman instead of himself, the conversation was admissible. Defendant also insists that the court erred in certain instructions given to the jury and in refusing to give certain other instructions requested by defendant, but we discover no reversible error therein.

Order affirmed.