# INDEPENDENT SCHOOL DISTRICT NO. 22, WINONA COUNTY v. SCHOOL DISTRICT NO. 19, WINONA COUNTY.[1]

June 11, 1915.

Nos. 19,200—(127).

**Motion for directed verdict — abandonment of motion.**
1. At the close of the evidence, the defendant moved for an instructed verdict. The court, without ruling on the motion, offered to dismiss the action for a given reason. Defendant's attorney thereupon stated that he desired to get a verdict from the jury upon a certain issue. The court submitted that issue to the jury under proper instructions. *Held* that the defendant thereby abandoned its motion for a directed verdict.

**Trial — concessions by counsel in open court.**
2. The court is generally justified in acting upon statements and concessions in relation to the case, deliberately made by counsel, in open court, during the progress of the trial.

[1] Reported in 153 N. W. 113.

**Question for jury.**

3. The court did not err in submitting to the jury the single issue as to the qualification of the school to receive state aid.

**Charge to jury.**

4. Certain instructions of the court examined and *held* not erroneous, even if the defendant had not waived its right to challenge them.

**Taxation of costs — apportionment of costs.**

5. Three independent actions were brought against three different defendants. By agreement, the cases were tried together to the same jury, which returned a verdict against each defendant. It is conceded that no costs or disbursements could have been taxed against the other two defendants. *Held* that the court is not required to apportion the disbursements among three parties defendant, two of whom are not liable in any event.

Action in the district court for Winona county to recover $90 for the instruction of four pupils resident in defendant school district, under and by virtue of Laws 1909, c. 247, as amended by Laws 1911, c. 82. The case was tried before Snow, J., and a jury which returned a verdict in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict was denied and its motion for a new trial was granted unless plaintiff consented to a reduction of the verdict to $22.50. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Webber & Lees,* for appellant.

*Brown, Abbott & Somsen,* for respondent.

SCHALLER, J.

The plaintiff for some years past has been and still is an independent school district in the village of Lewiston, Winona county, in this state. During the same time the defendant was and still is a lawfully organized common school district in said Winona county.

It is admitted that plaintiff conducted and still conducts a high school within the territorial limits of its district. Some time prior to April 28, 1909, plaintiff applied to the state high school board, under the provisions of chapter 247, p. 291, Laws 1909 (afterward amended by chapter 82, p. 97, Laws 1911), to be designated a school giving instruction in agriculture and domestic science.

The state high school board considered the application and certain action was had by that body indicating that plaintiff had been designated as such school.

On the twenty-third of September, 1912, plaintiff fixed the charge for tuition for nonresident pupils attending its school at the sum of $2.50 per month.

Between September 1, 1912, and June 1, 1913, certain minors of school age, residing in the defendant district, attended the school of the plaintiff, and received instruction in the agricultural and industrial departments thereof. Plaintiff rendered statements to the defendant, showing the amount due for furnishing such instruction to pupils, residents of the defendant district.

Upon defendant's refusal to pay, plaintiff brought this action, setting up the facts substantially as above set forth. Defendant answered, admitting the legal status of the parties; admitting that the plaintiff conducted a high school within its territorial limits, and that the said pupils named were residents of the school district of the defendant, but denied the other allegations of the complaint. Two other actions were brought by plaintiff against two other common school districts, depending largely upon the same facts. By stipulation of the parties, the cases were tried together, separate verdicts being had in each case. The cases were tried before Snow, J., and a jury. In each case a verdict was rendered for the plaintiff. A blended motion was made in this action for judgment notwithstanding the verdict or for a new trial. The motion for judgment was denied. The motion for a new trial was granted, unless the plaintiff would consent to a reduction of the verdict. Plaintiff filed its consent. Costs were taxed, and on appeal from the clerk's taxation of costs, the court reduced the amount allowed by the clerk by striking out certain items. Judgment was thereupon entered for plaintiff. Defendant appeals.

The assignments of error are directed to certain portions of the charge of the court and to the action of the court on appeal from the taxation of costs.

1. It appears from the bill of exceptions:

"At the close of the evidence, the defendant's attorneys moved the court that it instruct the jury to return a verdict for defendant.

Thereupon the judge of said court stated that he was of the opinion that the notices of attendance served upon defendant were not legally sufficient, and stated that, if the counsel for the defendant so desired, he would dismiss said action on that ground. That the attorneys for the defendant thereupon stated to the court that they desired to get a verdict from the jury upon the question of the qualification of the school to receive state aid, and thereupon proceeded to argue the merits of the case to the jury; and thereupon the attorneys for the plaintiff presented the plaintiff's case to the jury upon its merits."

We have arrived at the conclusion that under the facts as set forth in the record, the defendant waived its right to go to the jury on any question except "the qualification of the school to receive state aid."

It does not appear that plaintiff made any objection to defendant's motion for a directed verdict. The ground upon which the motion was made does not appear. The motion does not appear to have been insisted upon. It does not appear that the court ruled upon the motion. The court did suggest that he would dismiss the action upon the ground that the notices of attendance were not sufficient, if defendant so desired. Defendant, however, expressly stated that it desired to get a verdict upon the question of the "qualification of the school to receive state aid," and went to the jury on that question. Under this state of facts it is fair to assume that defendant abandoned its motion, and waived the other issues. It is evident that the court so concluded and submitted the case to the jury on that theory. If the court labored under a misapprehension, the defendant was not free from fault in the matter. The court is generally justified in acting upon statements and concessions in relation to the case, deliberately made by counsel in open court during the progress of the trial. Barrett v. Minneapolis, St. P. & S. Ste. M. Ry. Co. 106 Minn. 51, 117 N. W. 1047, 18 L.R.A.(N.S.) 416, 130 Am. St. 585; St. Paul Motor Vehicle Co. v. Johnston, 127 Minn. 443, 149 N. W. 667; Leonard v. New England Mut. Life Ins. Co. 22 R. I. 519, 48 Atl. 808; National Life Assn. v. Speer [Ark.] 163 S. W. 1188.

2. The court said: "I think the jury will be instructed that this school district  *  *  * has been properly designated and is entitled to collect tuition fees;  *  *  *  also that the rate of tuition has been

properly established; * * * and * * * that the notice of the assessment or charge for tuition was properly given to the several districts. * * * But I understand that the counsel for defendant insists upon a verdict here upon the merits of the case, and whether these notices given to the several districts sought to be charged were exactly in accordance with the law or not is not a question which goes to the merits of the action in either case. So you may assume that those three things are established, and the question that you are to pass on—which is a question of fact—virtually is the question which has been argued on both sides by counsel * * * and which may in brief be stated as this: Whether such instruction was given to those pupils as the law demands and requires—I believe that is just the question which these gentlemen have argued before you."

The court submitted to the jury one question, namely, whether or not such instruction was given to the pupils as the law demands and requires; in other words, the qualification of the school to receive state aid. This, it appears by the charge, was the question argued by both sides, and the only issue upon which the jury could find. No exception was taken to the charge at the time nor was the court's attention called to any omission to charge.

If the court was misled, defendant had an opportunity to set the court right.

We have not overlooked the argument made by appellant in its reply brief. But we are bound by the record which does not show that the court denied the motion of the defendant, nor does it show that appellant declined to withdraw its motion for a directed verdict. It appears from the record that nothing whatsoever was done in the matter. The statement made by the appellant in answer to the court's offer to dismiss, that it desired to get a verdict from the jury on the qualification of the school to receive state aid, is certainly inconsistent with the contention that it insisted upon its motion for a directed verdict.

3. Error is assigned because the court instructed the jury that plaintiff "has been properly designated as such school and is entitled to collect tuition fees from outside districts from which pupils come

to obtain instruction at that school," also that "the rate of tuition has been properly established by the Lewiston District."

Even if defendant had not waived its right to challenge them, the instructions were proper under the uncontradicted evidence which fairly established both facts. "We appreciate that in proceedings of this nature the formal steps are taken and the necessary writings made out by laymen of limited experience and meager knowledge of the applicable statutes. Therefore, many irregularities should be overlooked if the substance can be made out without sacrificing due regard for orderly procedure." Peiper v. County Superintendent of Schools, infra, page 54, 153 N. W. 112.

4. Defendant filed certain objections to the bill of costs and disbursements proposed by plaintiff. On appeal from the clerk's taxation, certain items were disapproved. In every other respect the clerk's taxation was affirmed.

Error is assigned because the court permitted the plaintiff to tax against this defendant the full amount of witness fees for each of its witnesses, and because the disbursements were not apportioned among the three defendants, it appearing that the same witnesses would have been called by plaintiff in each of the three cases.

These cases were tried together by consent. Defendant seems to concede that no costs or disbursements could have been taxed against the other defendants in any event. If this be true, the court cannot be required to apportion the disbursements among three parties defendant, two of whom are not liable for costs in any event. The stipulation does not mention costs or disbursements. The court had no authority under the stipulation to require the other two litigants to pay costs or disbursements for which they were not liable either by statute or by express agreement.

If the actions had been tried separately, plaintiff would have had a strict legal right to tax its disbursements against this defendant. If, for the purpose of saving time, expense and trouble, it agreed to try the three cases together to the same jury, it does not follow that it waived its right to its disbursements. Schuler v. Minneapolis St. Ry. Co. 76 Minn. 48, 78 N. W. 881.

Judgment affirmed.