## STATE v. WALTER E. MOSES.[1]

### December 9, 1921.

### No. 22,706.

**Criminal law — corroboration of witness — complainant's letter inadmissible.**

In a criminal prosecution the state offered in evidence in corrobora-

[1]Reported in 186 N. W. 303.

tion of the testimony of the complaining witness a letter written by him two years before the trial, containing the statement of a fact upon a vital issue in the case, to the same effect as testified to by him on the trial. It is *held* that the admission of the letter was error; a witness cannot thus be corroborated.

Defendant was indicted by the grand jury of Watonwan county charged with the crime of burglary, tried in the district court for that county before Comstock, J., and a jury and found guilty as charged in the indictment. From the judgment entered pursuant to the verdict, defendant appealed. Reversed.

*Regan & Grogan,* for appellant.

*Clifford L. Hilton,* Attorney General, and *J. L. Lobben,* County Attorney, for respondent.

QUINN, J.

The complainant, A. L. Kunz, resided upon a farm in Riverdale township, Watonwan county, this state, on May 17, 1919. He had 10 little pigs shut up in a horse barn on the premises, weaning them from their mother. Between 8 and 9 o'clock in the evening of that day he went to the barn, saw the pigs, closed and latched the barn door to prevent them from getting out, then took his automobile to the house for his family for the purpose of going to Madelia. Daniel Laird, the hired man, was a tiler. He was in the machine shed at the time, changing his clothes, and when ready he got into the car and they immediately started for Madelia, returning about 11:30, when they found the barn door open, but they did not look to see whether or not the pigs were in the barn. On the following morning five of the pigs were missing. On May 19, 1919, Kunz wrote the letter Exhibit D, and mailed it to the sheriff of the county, informing him that five pigs had been taken from his barn on the Saturday night before. Nothing further was done until September, 1920, when defendant was accused of having in his possession for sale some stolen chickens. He confessed in this matter and paid a fine of $75 and costs. The defendant's age does not appear, but he was not living at home with his parents. His father and the deputy sheriff persuaded him to tell the truth about the chick-

ens and to make a clean statement of all his misdeeds. He then admitted taking Kunz' pigs, a warrant was issued against him for petit larceny and he paid a fine of $75 and costs, his father paying Kunz $30 for the pigs. Thereafter an indictment was returned by the grand jury of Watonwan county, charging the defendant with burglary in the third degree committed by entering the barn referred to for the purpose of taking the pigs therefrom. The cause came on for trial at the May, 1921, term of the district court and a verdict of guilty was returned against the defendant. He moved for a new trial upon the ground that the verdict was not justified by the evidence, for errors of law occurring at the trial and upon the ground of newly discovered evidence.

The record is not in satisfactory shape. However, it clearly appears that the issue upon the trial resolved itself into one question, whether the defendant entered the barn at the time of taking the pigs on May 17, 1919. The prosecution relied almost entirely upon the statements of the defendant in proving a case against him. There was no direct testimony that he was near the barn on the night in question. He testified in his own behalf and appears to have made a clean statement of the affair. He said that he met the complainant as contended for by the state; that there was a young man riding with him in his Ford car whom he took home and upon his return, when passing the complainant's house, he noticed that his car needed some water; that he drove in near the pump in front of the house, took a pail from the porch and put water into the radiator of the car; that he saw five little pigs with their mother lying in the yard; that he picked them up, put them into his car and took them away; that the mother of the pigs seemed to be lame or crippled, because she did not get up or make any fuss when he took the pigs. He denied going into the barn where the complainant claims the pigs were kept.

In support of his motion for a new trial on the ground of newly discovered evidence, defendant caused the affidavit of Daniel Laird, the hired man, to be filed. From that affidavit it appears that, in the evening of May 17, Mr. Kunz asked Laird to go to town with them; that Laird kept his clothes in the machine shed and went there to change them; that Kunz came to the machine shed from the barn to get the

automobile in which they were to drive to Madelia; that he then drove the automobile up to the house; that, after finishing dressing, Laird went into the barn at the east door; that there were a number of little pigs running around in the barn; that he remained in the barn several minutes and came out by the same door; that he immediately went to the house, got into the automobile and they drove away; that he did not remember whether or not he closed the barn door; and that he was the last one in the barn before they drove to Madelia. He further stated that on the evening in question there was a crippled sow in the yard near the pump; that she was unable to use her hind legs and that she had lain in that position for several days, and that in November, 1920, he went to the state of Illinois and remained there until May, 1921.

The motion for a new trial upon the ground of newly discovered evidence is not sufficiently supported by a showing of diligence and compliance with the rules governing such matters to justify the granting of a new trial.

Upon cross-examination complainant was interrogated as to whether the pigs were taken from the barn. To rebut the inference which might be drawn from the circumstances of making the complaint before the justice charging the accused with petit larceny, the letter, Exhibit D, was offered, and certain portions thereof received in evidence over defendant's objections. The portions admitted in evidence were the date lines, address and the first sentence which was as follows: "I had five shoats taken out of my barn Sat. night while my family and I were in Madelia." That was a declaration of complainant upon a vital issue of the case, namely, whether the pigs were taken from the barn or farm yard, made by him some two years before the trial of this cause and clearly inadmissible. Pope v. State, 168 Ala. 33, 53 South. 292; Connor v. People, 18 Colo. 373, 33 Pac. 159, 25 L.R.A. 341, 36 Am. St. 295; 40 Cyc. 2787. The ruling upon the admissibility of the letter was therefore error for which a new trial must be granted.

Reversed.