## CHRIST KITTELSON v. FARMERS ELEVATOR & MERCANTILE COMPANY.[1]

April 1, 1926.

No. 25,161.

**Verdict for defendant sustained in action for price of grain sold.**
    The verdict is supported by the evidence and no error is found in the rulings.

    Appeal and Error 4 C. J. p. 969 n. 40.
    Evidence 22 C. J. p. 897 n. 86; p. 898 n. 88.
    Sales 35 Cyc. p. 574 n. 80.

    See note in 5 A. L. R. 1667. 3 R. C. L. p. 1198.

[1]Reported in 208 N. W. 190.

Action in the district court for Goodhue county to recover balance due on sale of grain. The case was tried before Johnson, J., and a jury which returned a verdict in favor of defendant. Plaintiff ap-

pealed from an order denying his motion for a new trial. Affirmed.

D. C. Sheldon and Thomas Mohn, for appellant.

A. J. Rockne, for respondent.

HOLT, J.

In this action to recover the price for certain rye and flax sold and delivered by plaintiff there was a verdict for defendant and plaintiff appeals from the order denying a new trial.

The complaint stated two causes of action. The first was for a load of rye sold and delivered in April, 1921, which, it was alleged, was by mistake paid for as barley and the difference, $43.50, was claimed. It is enough to say that there is no basis in the record for doubting the correctness of the verdict on that cause of action.

The second claim of plaintiff was that on or about August 22, 1920, he sold and delivered 151 bushels of flax of the reasonable value and agreed price of $468.10. The defendant was a corporation operating a grain elevator, buying and selling grain at Zumbrota, Minnesota. The records of the defendant kept in the conduct of its business show that on August 22, 1920, plaintiff delivered two loads of flax weighing net 3,380 and 4,700 lbs. respectively, and, because of wheat mixed therewith and dockage, the same was figured at 105 bushels and 20 pounds of flax and 10 bushels and 40 pounds of wheat, and on August 28 plaintiff was paid by check $330, the number of the check being 854.

Nothing to impeach the books appears except on a so-called storage ticket, kept in a "loose leaf" ledger, dated August 29, 1919, whereon is entered with lead pencil, stored flax, scale tickets 4,482 and 4,487, totaling 9,150 lbs. 67 per cent being taken as flax and 10 per cent as wheat, and presumably some dockage, resulting in a computation of 109.25 bushels of flax and 15.15 bushels of wheat. On this same ticket, below the above figures, is entered, with apparently the same indelible pencil used in marking the second load on the scale ticket No. 1382, the same net weights as upon said scale ticket of August 22, 1920, and after such entry is noted with lead pencil "sold 8-28 #854"—the same number as the check which

on its face paid for 10.40 bushels of wheat and 105.20 bushels of flax on August 28, 1920. Below this is an entry of certain timothy seed, delivered in 1919 on the same load of flax evidenced by scale ticket 4,487. There is also a notation that this seed was sold as well as the flax and wheat then delivered, but there is no reference to a check number by which payment was made for either.

The question is: Was the jury warranted in finding that 151 bushels of flax were not sold and delivered August 22, 1920, and, if flax was then sold and delivered, was it paid for? We answer in the affirmative. Defendant admitted in the answer that it received flax on that date. The scale ticket, the sale ticket issued therefor on the twenty-eighth and the check given in payment on that date, indorsed by plaintiff, satisfactorily prove that the two loads of flax delivered in 1920 were fully paid for. This check so indorsed, of course, proves that plaintiff received that money, so that such payment was not proved by the books of account of the debtor. Plaintiff corroborates defendant's scale ticket in that only two loads were then delivered, one considerably larger than the other.

At the trial plaintiff attempted to claim that the check No. 854 was in payment for the flax stored in 1919. It is incredible that if the 1920 flax was stored plaintiff should not have had a storage ticket. He was an experienced farmer, and it is not likely that for more than a year he would be satisfied to have such a large quantity of grain in storage without any written evidence thereof. Again, the evidence is almost conclusive that all flax delivered in 1920 was paid for, and under the allegations in the complaint that was the only flax defendant was charged with having received and not paid for. There was convincing evidence that the check cashed by plaintiff August 28, 1920, was not in payment of any flax delivered in 1919, but was in payment of that delivered at the time alleged in the complaint.

The assignment of error touching the rulings on the admission and exclusion of evidence is of no merit. The records of a concern like a grain elevator company are properly receivable in evidence. Sul-

livan v. M. St. Ry. Co. 161 Minn. 45, 200 N. W. 922. It was not reversible error not to allow the manager to be cross-examined concerning what flax he stated the sales ticket, Exhibit 1, and the check, Exhibit A, related to, for, after plaintiff had testified that the manager said the same represented the flax stored in 1919, the latter took the stand flatly denying such statement, and then plaintiff was given opportunity for cross-examination, of which he fully availed himself. We find nothing needing comment touching any other assignment of error.

The order is affirmed.