## LAURA J. LAVIGNE *vs.* PATRICK LEE.

October Term, 1898.

Present: ROSS, C. J., ROWELL, TYLER, MUNSON and START, JJ.

Opinion filed January 12, 1899.

*Evidence—Self-serving Declarations.—*The defendant was asked on cross-examination whether he had not on all occasions before the trial in the city court denied a certain material fact which he now admitted. He answered that he had denied it to two persons named and possibly to others, but not to all with whom he had conversed about it. The plaintiff then introduced other witnesses who testified to the defendant's having made the denial to them also. Thereupon the defendant was permitted to show that to certain other persons he had admitted the fact as he was now admitting it. *Held,* error, as not within any exception to the rule which excludes self-serving declarations.

TRESPASS. Appeal from the city court of Burlington to the county court for Chittenden county. Trial by jury, at the March term, 1898, *Thompson,* J., presiding. Verdict and judgment for the defendant. The plaintiff excepted.

*C. J. Ferguson* and *R. E. Brown* for the plaintiff.

*H. F. Wolcott* and *V. A. Bullard* for the defendant.

ROSS, C. J. The plaintiff testified, and gave other evidence tending to establish, that the defendant visited her on the evenings of May 23 and 29, 1897, and on the latter occasion made an assault upon her. The defendant testified to having made the visits, on the dates named, but denied having made an assault. On cross-examination, the defendant was asked, if up to the trial in the city court he had not told various parties that he had been at the plaintiff's only once. He replied that he had told two persons, named by him, and perhaps others, that he visited her but once. He at first denied, and afterwards insisted that he did not think he had so told all persons he talked

with about it, up to the time of trial in the city court, but would not swear positively that he had not so claimed.

The plaintiff's evidence tended to show that about the time of the trial in the city court the defendant learned that she could prove by witnesses, other than herself, that he was at her house on the evening of the alleged assault, and that until he learned this he had denied being there on that occasion, to various persons. This testimony, and the admissions drawn out of him on cross-examination, could serve no other purpose than to impeach the credibility of the defendant. It was not to obtain an admission to be used as direct evidence that he was not there on May 29th. That fact was not in controversy. In this portion of the testimony, the defendant's counsel claimed the right, and was given it, at the peril of the defendant, against the exception of the plaintiff and the judgment of the trial judge, in re-examination, to draw out of the defendant that he told the sheriff and his counsel immediately after the service of the writ upon him, and before the trial in the city court, that he was at the plaintiff's on both dates; that his counsel advised him to tell the truth about it. Against the like exception, he was allowed to show by the sheriff who served the writ, that defendant then told him that he was there upon both dates. This was error. The general rule is that evidence that the witness has, on other occasions, made statements similar to what he has testified to in the cause, is not admissible. There is an exception to this rule. 2 Green. Ev. § 469. *State* v. *Flint,* 60 Vt. 316. The evidence admitted in this case does not come within the exception, but is within the general rule.

The exception is, "If an attempt is made to discredit the witness on the ground that his testimony is given under the influence of some motive prompting him to make a *false and colored statement,* the party calling him has been allowed to show in reply, that the witness made similar declarations at a time when the imputed motive did not exist." *State* v.

*Flint, supra.* The parties agreed that the defendant's testimony as given was true. On his cross examination, he admitted that on several occasions, out of court, he had made statements contradictory of his testimony. That he also sometimes made statements out of court similar to what he had testified to, had no tendency to rebut the contradictory statements which he admitted, nor could it be received to corroborate his testimony as given, whatever the motive might be that influenced him to give the testimony, as the truth of his testimony given was not in controversy and needed no corroboration. Therefore, the testimony excepted to, in any view, was irrelevant and inadmissible.

The plaintiff contends that if this testimony was erroneously received, the error was harmless. It is not apparent that it might not have influenced the jury to the prejudice of the defendant.

*Judgment reversed and cause remanded.*