## Edwards v. Commonwealth.

(Decided November 28, 1911.)

### Appeal from Grant Circuit Court.

1. Evidence—Previous Statement of Witness—Corroboration.—A previous statement made by a witness under oath cannot be given in evidence to corroborate the witnesses testimony in court.

2. Instructions—Felony Charge—Aiding of Prisoner.—Under section 1239, Kentucky Statutes, the intent to facilitate the escape of a person detained on a charge of felony is of the essence of the offense and must be set out in the instructions.

M. D. GRAY for appellant.

JAS. BREATHITT, Attorney General, THEO. B. BLAKEY, Assistant Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

Section 1239, Kentucky Statutes, provides:

"When a person is lawfully detained as a prisoner in any jail, or in custody, if any person shall convey anything into the jail or county prison, with intent to facilitate the prisoner's escape therefrom, or shall aid him in any way to escape, or in the attempt to escape from such jail or custody, or shall forcibly rescue, or attempt to rescue him therefrom, if such rescue or escape be effected he shall, if the prisoner was detained on a conviction or on a charge of felony, be confined in the penitentiary not less than one nor more than five years.

Millard Edwards was indicted under this statute, it being charged in the indictment in substance that he had conveyed into the jail of Grant County certain tools and implements with intent to facilitate the escape of June Harvey therefrom, who was then confined in the jail under a conviction of felony, and by means thereof escaped from the jail. On a trial of the case the defendant was found guilty as charged and his punishment fixed by the court at confinement in the penitentiary at from one to five years. The defendant appeals.

The proof on the trial tended but slightly to connect the defendant with the offense except the evidence of Henry Gordon and his testimony on his direct examination was by no means conclusive as to the defendant's guilt, but the next morning he was recalled to the stand and then made statements positively identifying the defendant as the person who had passed the tools into the jail. On cross examination it developed that he had declared on more than one occasion that he did not know who passed the tools into the jail, and did not have any knowledge connecting the defendant with it. A letter which he had written so declaring was produced. It also

appeared that he had been promised a pardon if he would testify who.did it; that he had gotten the pardon, and that he had declared that he had made this statement to get out of jail. His moral character was also impeached by several witnesses. At this stage of the proceedings the Commonwealth was allowed to read to the jury the affidavit which this witness had sworn to before the magistrate when the warrant of arrest had been issued for the defendant, the purpose of reading the affidavit being to corroborate his testimony on the trial and to show that he had sworn on the trial only what he had sworn to before. This was error. A witness' testimony on the trial can not be corroborated by his previous statements to the same effect. A witness can not give weight to his testimony by telling a thing more than once or on different occasions. It was under all the circumstances very prejudicial to the defendant to allow the reading of this affidavit, as Henry Gordon's testimony otherwise stood uncorroborated, if the proof for the defendant was true.

Section 1239, Kentucky Statutes, is to be read in connection with section 1357, Kentucky Statutes, which is as follows:

"When a prisoner charged with a felony is lawfully detained in any jail or in custody, any person who shall in any way aid or assist him to escape, if the escape is not effected; or if the person detained is charged with a misdemeanor, whether the escape be effected or not, the person so aiding or assisting shall be fined not less than one hundred nor more than five hundred dollars."

It will be observed that under the statute the offense is only a misdemeanor, if the person aided to escape is not confined in the jail on a charge of felony, and that the intent to facilitate the prisoner's escape who is confined on a conviction or on a charge of felony is of the essence of the offense to make it a felony. The instructions of the court did not aptly present this matter and were broader than the charge contained in the indictment. By the first instruction the court should simply have submitted to the jury whether the defendant conveyed into the jail the tools and implements with intent to facilitate the escape therefrom of June Harvey, who was then confined in the jail on a charge or conviction of felony, and by means thereof effected his escape. By another instruction the court should tell the jury that if they entertain a reasonable doubt as to whether or not

the defendant has been proven guilty as set out in instruction No. 1 they should find him not guilty. These two instructions cover the whole law of the case.

Judgment reversed and cause remanded for a new trial.