## STATE v. DANIEL LA BAR.[1]

December 17, 1915.

Nos. 19,528—(16).

**Impeachment of witness — admissible evidence.**

1. Where an attempt is made to impeach a witness by showing that he had previously made statements inconsistent with his testimony, evidence that he had also previously made statements consistent with such testimony is not admissible to offset or overcome the discrediting effect of such contradictory statements. But under an exception to this rule, if an attempt be made to show that the testimony is a late fabrication induced by some recent influence or motive, or made to meet exigencies which have recently arisen, statements consistent with such testimony, made before the influence or motive existed or the exigency could have been foreseen, may be presented to refute such contention.

**Same — new trial granted.**

2. The testimony of the witness Coyle is all that connects defendant with the commission of the offenses charged. Defendant presented evidence to show that Coyle had previously made statements inconsistent with his testimony. In rebuttal, over the objection of defendant, the prosecution presented evidence to show that Coyle had previously made statements in accordance with his testimony. *Held* that the rule not the exception, applies in this case, and that the admission of such evidence was error for which a new trial must be granted.

Defendant was indicted for the crime of swindling, tried in the district court for Hennepin county before Jelley, J., and a jury and convicted. From an order denying his motion for a new trial, defendant appealed. Reversed.

*E. S. Cary,* for appellant.

*Lyndon A. Smith,* Attorney General, and *John M. Rees,* County Attorney, for respondent.

TAYLOR, C.

The defendant was convicted of the crime of swindling. He made a motion for a new trial and appealed from the order denying his motion.

[1]Reported in 155 N. W. 211.

Note.—As to corroboration of witness by proof of previous consistent statements out of court, see note in 41 L.R.A.(N.S.) 858.

The prosecution charged that defendant and two other men, known as D. E. Graham and Edward Dixson, feloniously obtained $5,000 from one Edward W. Coyle by means of what is termed in the record as the "fake race horse or wire tapping game." The crime was committed in the city of Minneapolis. We shall not attempt to explain or outline the details of the scheme.

Coyle reported his loss at police headquarters; and spent some days going about the city in company with police detectives in an attempt to locate the place where he had been despoiled of his money and to identify the men who had victimized him. At the trial, he identified the defendant positively as the man to whom he gave the money. There is no other evidence connecting defendant with the transaction. Defendant sought to impeach Coyle's testimony in this respect by presenting the testimony of police officers and newspaper reporters, to the effect that he had stated to them, shortly after the occurrence, that he had given the money to Dixson, then known to him under the name of Wood, and that he was unable to describe or identify any of the persons connected with the matter except Graham and Dixon or Wood. In rebuttal the prosecution called the sheriff and deputy sheriff, and they were permitted to testify, over defendant's objection, that Coyle had stated to them that he gave the money, not to Graham or Dixson, but to a man acting as cashier, and that he described this cashier. They were also permitted to state the description which he gave of the cashier; this description fitted the defendant, but did not fit either Graham or Dixson.

Defendant urges that the admission of this testimony was error, and his contention is supported by the great weight of authority. Where the adverse party, for the purpose of discrediting a witness, presents evidence that the witness has previously made statements inconsistent with his testimony, it is well settled that the party producing the witness cannot present other statements previously made by him, consistent with his testimony, to offset or overcome the discrediting effect of such contradictory statements. Ellicott v. Pearl, 10 Pet. 412, 9 L. ed. 475; Conrad v. Griffey, 11 How. 480, 13 L. ed. 779; McKelton v. State, 86 Ala. 594, 6 South. 301; Jones v. State, 107 Ala. 93, 18 South. 237; Burks v. State, 78 Ark. 271, 93 S. W. 983, 8 Ann. Cas. 476; People v. Doyell, 48 Cal. 85; Mason v. Vestal, 88 Cal. 396, 26 Pac. 213, 22 Am.

St. 310; Davis v. Graham, 2 Colo. App. 210, 29 Pac. 1007; Connor v. People, 18 Colo. 373, 33 Pac. 159, 25 L.R.A. 341, 36 Am. St. 295; Cook v. State, 124 Ga. 653, 53 S. E. 104; State v. Porter, 74 Iowa, 623, 38 N. W. 514; Chicago City Ry. Co. v. Matthieson, 212 Ill. 292, 72 N. E. 443; Edwards v. Commonwealth, 145 Ky. 560, 140 S. W. 1046; Ware v. Ware, 8 Me. 42; Commonwealth v. Jenkins, 10 Gray (Mass.) 485; Commonwealth v. Tucker, 89 Mass. 457, 76 N. E. 127, 7 L.R.A.(N.S.) 1056; Baltimore City Passenger Ry. Co. v. Knee, 83 Md. 77, 34 Atl. 252; Kinney v. Folkerts, 78 Mich. 687, 44 N. W. 152; Head v. State, 44 Miss. 731; Reed v. Spaulding, 42 N. H. 114; Robb v. Hackley, 23 Wend. 50; Dudley v. Bolles, 24 Wend. 465; Driggers v. U. S. 21 Okla. 60, 95 Pac. 612, 129 Am. St. 823, 17 Ann. Cas. 66; State v. Mims, 36 Ore. 315, 61 Pac. 888; Clever v. Hilberry, 116 Pa. St. 431, 9 Atl. 647; State v. McDaniel, 68 S. C. 304, 47 S. E. 384, 102 Am. St. 657; Legere v. State, 111 Tenn. 368, 77 S. W. 1059, 102 Am. St. 781; Lavigne v. Lee, 71 Vt. 167, 42 Atl. 1093.

In an exhaustive note to Rogers v. State, 41 L.R.A.(N.S.) 857 [88 Ark. 451, 115 S. W. 156], the doctrine is traced from the seventeenth century to the present time, and the decisions of the English and American courts are collated and analyzed. It is there pointed out that so many of the courts which originally admitted such testimony have subsequently adopted the rule above stated that, at the present time, in the words of the commentator, "the rule is more than general * * * it is well nigh universal."

There is one well established exception to this rule. If the adverse party attempts to show that the testimony is a late fabrication induced by some recent influence or motive, or made to meet exigencies which have recently arisen, the party producing the witness may refute such contention, by showing that the witness made statements consistent with his testimony before such influence or motive existed, or such exigency could have been foreseen.

It is clear, however, that the testimony under consideration falls within the rule and not within the exception; and, as it bore upon the vital issue, the affirmative of which was supported solely by the testimony of Coyle, its admission was prejudicial error for which a new trial must be granted.

A large portion of the briefs and much of the oral argument was directed to alleged misconduct on the part of the county attorney. During the trial and in his argument to the jury, the county attorney imputed to the police officers of the city improper motives and an attempt to defeat the prosecution. In his zeal, he overstepped the bounds of legitimate argument upon the evidence in the case; but it is not necessary to determine whether reversible prejudice resulted therefrom, as a new trial must be granted upon the ground above stated.

Order reversed and a new trial granted.