FRANK C. PHELPS *v.* C. H. UTLEY.

May Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed October 2, 1917.

*Alienation—Crim. Con.—When Wife is a Competent Witness in Husband's Behalf—Evidence—When not Admissible—Discretion of Court—Testimony Introduced after Party has Rested—When Delay Should be Granted—Petition for New Trial—When Meritorious.*

In an action on the case for alienation and crim. con. the wife of the plaintiff is a competent witness in his behalf to tell the story of her *liaison* with the defendant.

It is error to permit a witness called by the plaintiff to testify to a conversation for the purpose of enabling him to fix a date, there being nothing said or done at the time that referred to the date or tended to fix it, and it not being suggested that the evidence was admissible on any other ground.

In an action on the case for alienation and crim. con. in which plaintiff's wife was a witness in his behalf, it was error to permit a witness called by plaintiff to testify that plaintiff's wife was pale and nervous and wept when interviewed prior to the trial regarding her improper relations with defendant, for the purpose of corroborating her testimony.

It is within the discretion of the trial court to allow a party to withdraw his rest and introduce further testimony; but where the testimony so introduced is of a new fact, not before in evidence, it is error to deny an application for delay to enable the opposing party to get witnesses with which to meet it.

A petition for new trial on the ground that defendant was given no opportunity to meet the testimony of a witness produced by plaintiff after the latter had rested, which he could otherwise have done, under the circumstances, *held*, meritorious.

TORT for criminal conversation, and alienation of the affections of plaintiff's wife. Plea, the general issue. Trial by jury at the September Term, 1916, Washington County, *Butler,* J.,

presiding.    Verdict and judgment for the plaintiff.    Defendant
excepted.

While the case was pending on exceptions defendant brought
a petition for a new trial on the ground of surprise, which was
heard in Supreme Court on the petition and supporting affidavits.
The opinion states the case.

*Melvin G. Morse* and *W. A. Dulton* for defendant.

*J. Ward Carver* and *F. L. Laird* for plaintiff.

POWERS, J.    This is an action on the case for alienation and
crim. con.    Much of the evidence upon which the plaintiff relied
to establish his case came from his wife, who was admitted as a
witness subject to the defendant's exception.    This was not
error, for since the passage of P. S. 1592, the competency of the
wife as a witness for her husband has been the rule, and her in-
competency, the exception.    *State* v. *Muzzy,* 87 Vt. 267, 88 Atl.
895.    So, notwithstanding the earnest argument here made that
this ought not to be so in a case like this, it *is* so, since the wife did
not here testify against the husband at all, and it certainly can-
not be said that the telling of the story of her *liaison* with the'
defendant involved a breach of marital confidence.

Emerson Hoyt, a witness for the plaintiff, testified that he
saw Mrs. Phelps and the defendant riding together in the latter's
automobile on October 20, 1915, and that soon after he met the
defendant's wife and talked with her.    Subject to the defend-
ant's exception, he was allowed to state that this conversation
with Mrs. Utley was in reference to the whereabouts of her hus-
band.    This testimony was admitted on the ground that it en-
abled the witness to fix the date of the occurrence.    But it did
not aid the witness in this way.    There was nothing said or done
that referred to the date or tended in any way to fix it.    It is
not suggested that it was admissible on any other ground, and it
should have been excluded.

A. D. Kimball was one of the plaintiff's lawyers and was a
witness in his behalf.    He testified that he and the plaintiff went
to Montpelier to consult a lawyer and have a suit brought; that
this was on November 3, 1915, which was the day after one of the
clandestine meetings between Mrs. Phelps and the defendant—
as testified to by her; and that they had an interview with Mrs.

Phelps at her sister's house that day. Subject to defendant's exception, he was allowed to testify that on that occasion, Mrs. Phelps was "very pale and nervous, and broke down and cried a good deal."

It may be stated broadly that a litigant may prove any act, conduct or statement on the part of his adversary, which tends to corroborate the claim of the former or impeach that of the latter. But he cannot corroborate himself or his own witness by showing extrajudicial acts, conduct or statements having that tendency. He cannot show the sayings of his witness out of court to corroborate his testimony given in court. *Munson* v. *Hastings,* 12 Vt. 346, 36 Am. Dec. 345; *Gibbs* v. *Linsley,* 13 Vt. 208; *State* v. *Flint,* 60 Vt. 304, 12 Atl. 526; *Lavigne* v. *Lee,* 71 Vt. 167, 42 Atl. 1093; *State* v. *Turley,* 87 Vt. 163, 88 Atl. 562. This rule is subject to an exception as shown by *State* v. *Flint,* but it does not apply to the case in hand. So it would have been error to allow Kimball to testify that Mrs. Phelps then told her story just as she had in court. No more was it proper to show by the witness an act of Mrs. Phelps' consistent with, and so corroborative of her testimony. *Green* v. *State,* 96 Ala. 29, 11 So. 478. It was error to receive this testimony. If Mrs. Phelps' agitation on that occasion was of any evidentiary consequence whatever, it tended to show her guilt and so to corroborate her as a witness. It had no other value as evidence. But under the rule, her appearance of guilt was not admissible as evidence to sustain her or condemn the defendant. It was a purely self-serving circumstance.

Mrs. Phelps testified that she went to ride with the defendant in his automobile on the evening of October 16, 1912; that they started from Cabot and drove out on the Walden Depot road some three miles and did not return for two or three hours, and so forth. The defendant admitted that they went to ride that night, but insisted that they were away only fifteen or twenty minutes, that they went on an entirely different road, that they did not stop anywhere, and turned around without stopping at a place where he formerly had a millyard. The parties rested and the evidence closed on Saturday. The court then took a recess until the following Tuesday morning. When the court came in on Tuesday, the plaintiff asked leave to withdraw his rest, and to introduce one Fifield as a witness to show that the millyard above referred to was fenced on the roadside at the time referred to. To this the defendant objected on the ground

that if admitted this testimony would raise a new issue of fact; that he was taken by surprise, and that if it was admitted, he should be given an opportunity to meet it. This objection was overruled and the defendant excepted. Thereupon the witness took the stand and testified that the millyard in question was fenced on the roadside with a wire fence, which had stood there for about ten years. The defendant then asked for a delay of the trial that he might have time to get witnesses to meet this testimony. This request was denied and the defendant excepted.

It is perfectly apparent that it was of vital importance, so far as the defendant's version of the incident of October 16 was concerned, for him to show that this millyard was not fenced on that date. For if it was, he could not have turned around there as he stated. Standing uncontradicted, Fifield's testimony impeached the defendant and must have affected his standing as a witness. *Goodall* v. *Drew*, 85 Vt. 408, 82 Atl. 680. Opening the case to let Fifield in as a witness, was, of course, a matter of discretion. So far no error was committed. But opening the door to the plaintiff and closing it to the defendant was error. The witness stated a new fact not before in evidence. The first opportunity to meet this fact was when the witness finished. To deny the defendant's application deprived him of a substantial right and his exception is sustained. 38 Cyc. 1358; *Herrman* v. *Combs*, 119 Md. 41, 85 Atl. 1044; *Birmingham Ry. L. & Power Co.* v. *Saxon*, 179 Ala. 136, 59 So. 584; *Rock Island* v. *Starkey*, 189 Ill. 515, 59 N. E. 971; *Kent* v. *Lincoln*, 32 Vt. 591; 1 Chamb. Ev. § 383.

The defendant brings a petition for a new trial predicating the same on the facts and rulings referred to in the discussion of the exception last above treated. In support of this petition he makes it appear that he could have successfully met Fifield's testimony, if he had been given an opportunity so to do. It now sufficiently appears that Fifield was talking about one side of the highway and the defendant, the other. When the former spoke of the millyard, he referred to the land on the side where the mill was. When the latter spoke of it, he referred to the space on the opposite side of the road. It seems probable from a photograph before us that the road ran through the millyard, and that one side was as much yard as the other. It is likely that the

jury would take this view of the matter. The petition is meritorious and should be granted.

*Judgment reversed and cause remanded. Petition for a new trial granted with costs to the petitioner.*