## STATE v. EDGAR JACKSON.[1]

June 27, 1930.

No. 27,860.

*Theodore Hollister* and *Lathers & Hoag,* for appellant.

*Henry N. Benson,* Attorney General, *James E. Markham,* Deputy Attorney General, *Mason M. Forbes,* County Attorney, and *Harry E. Boyle,* Assistant County Attorney, for the state.

HILTON, J.

Defendant was convicted of the crime of manslaughter in the second degree. He appeals from an order denying his motion for a new trial.

[1]Reported in 231 N. W. 721.

■ The defendant was convicted under G. S. 1923 (2 Mason, 1927) § 10078(3), of manslaughter in the second degree in causing the death of another by his culpable negligence. About 6:45 p. m. on March 16, 1929, a Saturday evening, at a busy time of the day and a busy portion of Duluth, the defendant was driving his auto on the southerly side of Superior street going east, and the deceased, a girl of 17, leading a seven-year old child, was crossing northerly on Second avenue west. At the southwest corner of the intersection she was hit by the defendant's auto and killed.

The evidence is not all one way; but there is credible evidence that the defendant was driving from 18 to 35 miles an hour; that the girl was thrown eastwardly a distance of 60 or 75 feet; that there was a hemorrhage in the thoracic cavity caused by the perforation of the lung; that there was a wound on the scalp; that there was a fracture of the right parietal bone; that there were fractures of the ribs and a fracture of the left arm; that there was a ruptured spleen; and that there was a fracture of the skull. The car proceeded about 33 feet after striking the girl. There is evidence that the defendant had been drinking and was to some extent under the influence of liquor. We need go no further. The evidence sustains the finding of the jury that the defendant was culpably negligent. State v. Melin, 179 Minn. 1, 228 N. W. 171.

■ One Dunn was an important witness for the state. Upon cross-examination he was asked by counsel for the defendant whether he was a brother of Mr. Dunn who was assistant city attorney. He answered that he was and stated upon being questioned that he had related what he had seen to his brother. He was dismissed from further cross-examination without the development of anything further. He was dismissed by the defendant with the statement, "That is all." Up to that time there was no objection. The defendant had thrown the inflection that in some way his relationship to the assistant city attorney and his talk with him was unfavorable to his testimony. On redirect the assistant county attorney said: "You told him just what you testified to here?" Counsel for defendant objected to the question as not competent.

The witness was permitted to answer and was directed to answer "yes" or "no." His answer was "yes," and an exception was noted.

It was all a trifling matter. The defendant had induced the question and answer. It cannot be supposed that the answer could have effected a result unfavorable to the defendant.

At the oral argument it was suggested that the questions asked by the defendant were made with the purpose of impeaching Dunn by showing contrary statements, which the defendant with propriety might do. Clearly this was not in view. No suggestion of impeachment was made then or at any time afterwards, and no one would understand that such was the purpose. The situation was ripe for an impeaching question if one was in the background.

It is contended that the state was permitted to corroborate Dunn's testimony by further showing that he had given like testimony before, which is improper under the general rule. If there be anything of substance in this connection, and we think it unimportant, the testimony is competent within the rule that where testimony is attacked as recently fabricated it may be shown that like statements were made before. State v. La Bar, 131 Minn. 432, 155 N. W. 211; Sullivan v. Minneapolis St. Ry. Co. 161 Minn. 45, 200 N. W. 922, and cases cited.

The accident was a tragic one, and the defendant may suffer from a natural prejudice against him increased because he had been drinking and was under the influence of liquor. The evidence is quite sufficient to sustain the conviction, and nothing in the record indicates that justice has miscarried.

Order affirmed.