FRED J. FEWINGS v. LUTHER MENDENHALL.[1]

May 17, 1901.

Nos. 12,555—(78).

## Street Railway—Negligence.

A street-railway company is not, as to its passengers, guilty of negligence in attempting to operate its cars during a strike of its employees, unless the conditions are such that it ought to know, or ought reasonably to anticipate, that it cannot do so and at the same time guard from violence, by the exercise of the utmost care on its part, those who accept its implied invitation to become passengers.

## Moving Cars during Strike of Employees.

Rule applied, and *held*, that the evidence in this case is not sufficient to support a finding of the jury to the effect that the defendant was guilty of negligence in attempting to operate its cars during a strike.

Action in the district court for St. Louis county against defendant, as receiver of Duluth Street Railway Company, to recover $25,000 damages and $626.88 special damages for personal injuries received by plaintiff while riding as a passenger in one of defendant's street cars during a strike of defendant's employees. Plaintiff was struck by a stone thrown by a strike sympathizer. The action was tried before Cant, J., and a jury, which rendered a verdict in favor of plaintiff for $4,400. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Greene & Wood* and *Munn & Thygeson*, for appellant.

The rule of law in this case calls for no more than ordinary care and caution on the part of defendant. Pennsylvania v. MacKinney, 124 Pa. St. 462; Thomas v. Philadelphia, 148 Pa. St. 180; Missimer v. Philadelphia, 17 Phila. 172; Fredericks v. Northern, 157 Pa. 103. As to actions of outsiders the passenger is as well advised of them as the carrier and has as much control of them. Chicago v. Pillsbury, 123 Ill. 9, 21. The rule where it is

[1] Reported in 86 N. W. 96.

sought to recover damages from a carrier on account of the acts of a stranger differs in two respects from the rule in those cases where it is sought to recover damages for the negligence of the carrier itself or of its employees, viz.: (1) That proof of the accident does not raise any presumption of negligence; (2) That the rule of "highest possible care" does not apply. Illinois v. Minor, 69 Miss. 710; Missouri v. Russell, 8 Tex. Civ. App. 578; Lucy v. Chicago G. W. Ry. Co., 64 Minn. 7; Mullan v. Wisconsin C. Co., 46 Minn. 474; Smith v. St. Paul City Ry. Co., 32 Minn. 1; Watson v. St. Paul City Ry. Co., 42 Minn. 46; 2 Shearman & R. Neg. § 495; Pittsburg v. Hinds, 53 Pa. St. 512; Tall v. Baltimore, 90 Md. 248. The rule requires the exercise of the highest degree of care and diligence practicable under the circumstances of the case. Tuller v. Talbot, 23 Ill. 357; International v. Welch, 86 Tex. 203; Jacquin v. Grand, 57 Mo. App. 320. The defendant cannot be "required to exercise the utmost human care and foresight to secure the safety of the plaintiff consistent with the practical operation and management of his street car system," and be liable for the slightest negligence, and at the same time be required, if he apprehends certain dangers, to cease to operate his system. State v. Bridgeton, 62 N. J. L. 592; People v. Commissioners, 23 Hun, 687.

*John Jenswold, Jr.*, for respondent.

START, C. J.

The defendant, as receiver of the Duluth Street-Railway Company, has operated its street-car system since July 7, 1898. On May 2, 1899, a general strike was inaugurated by his employees, which was maintained until after the plaintiff was injured, as hereinafter stated. The defendant procured other men to take the place of the strikers, and continued to operate the street-car lines. On Sunday evening, May 7, the plaintiff took passage in a car operated by the defendant at Superior for Duluth. While the car was going northerly along Garfield avenue, in Duluth, and as it approached Michigan street, a young man who was not one of the strikers threw a stone, which passed through one of the windows of the car, broke the glass, and hit the plaintiff on the back of the head, whereby he was seriously injured. He brought this

action to recover from the defendant damages on account of such injury. The basis of his claim to recover, as alleged in his complaint, is that the defendant well knew that the plaintiff would be and was, as a passenger on the car, exposed to imminent danger by reason of the violent and unlawful acts of the strikers and their sympathizers, and the defendant, in the exercise of due care and prudence, could have prevented the same, and protected the plaintiff and other passengers in the car from all injury; but, notwithstanding this, he carelessly and negligently failed and omitted to warn the plaintiff of any danger, and in like manner he neglected to make any effort or to take any care to prevent injury to the plaintiff, or to provide or make use of any barriers or other means of protecting the plaintiff and averting the threatened injury.

It is to be observed that the complaint charges the defendant with negligence in two particulars only: First, in failing to exercise due care to protect the plaintiff and other passengers from the violence of the strikers and their sympathizers, which he could have done if he had exercised due care; and, second, in failing to warn him of the dangers likely to arise from such source. The trial court, however, submitted to the jury, in addition to these two, a third ground for recovery, which was, in effect, whether the defendant was negligent in attempting to operate its cars at all at the time the plaintiff was injured, and instructed the jury in substance that if the defendant was negligent in any one of the three particulars specified, and the plaintiff was free from contributory negligence, he was entitled to a verdict. The jury returned a general verdict only, and awarded the plaintiff as damages $4,400. The defendant appealed from an order denying his blended motion for judgment or a new trial.

The defendant excepted to so much of the charge of the court as submitted to the jury the question as to whether it was negligence for the defendant to operate its cars at all at the time and place in question. The exception was to the effect that the evidence was not sufficient to justify a finding by the jury that the defendant was thus negligent. As already suggested, no such issue was tendered by the complaint, and, if it had been, it would have been inconsistent with at least one of the acts of negligence alleged in

the complaint and relied upon as a basis for recovery. But this specific objection was not made in the court below, nor is it here urged. Hence the question for our consideration is whether the evidence is sufficient to sustain a finding by the jury that the defendant was guilty of negligence in attempting to operate its cars at all at the time stated. If the evidence was not sufficient, it was error to submit the question, for which a new trial must be had, because it is impossible to determine, from the general verdict, that it was not based upon the claim that the defendant was negligent in so attempting to operate its cars.

The question as to when and under what circumstances street-railway companies will be held, as to passengers, guilty of negligence in attempting to operate their cars at all during a strike of its employees, is an important one to them, and to the public as well. To the former, for, if they are to be held guilty of negligence in attempting to operate their cars whenever force and intimidation are used by their striking employees to compel them to suspend the running of their cars, then they must submit to such unlawful force and cease to discharge their duties to the public, or yield to the demands of the strikers, whether just or unjust. Especially important is the question to the public, for the uninterrupted operation of an efficient street-car system has become a practical necessity to a large number of our urban population. They have established their homes, arranged their business and work with reference to it, and their comfort, convenience, and pleasure are largely dependent upon it. Therefore those who are charged with the public duty of operating street cars, in consideration of valuable franchises, cannot be permitted to omit the duty for any cause save the most pressing, such as the practical impossibility of discharging the duty, consistent with the further duty to exercise the utmost vigilance and care in guarding their passengers against violence, from whatever source arising, which may be reasonably anticipated or naturally be expected to occur, in view of all the circumstances of each particular case. It then necessarily follows that a street-railway company is not guilty of negligence, as to its passengers, in attempting to operate its cars during a strike of its employees, unless the conditions are such

that it ought to know, or reasonably to anticipate, that it cannot do so and at the same time guard from violence, by the exercise of the utmost care on its part, those who accept its implied invitation to become passengers.

Tested by this rule, we are of the opinion, and so hold, that the evidence is not sufficient to sustain a finding that the defendant was guilty of negligence in attempting to operate its car at the time and place of the plaintiff's injury. We refrain from discussing the evidence on this point, for the reason that it is the same evidence which is relied upon by plaintiff to establish the allegations of the complaint to the effect that the defendant knew, or ought to have known, that the plaintiff as a passenger on the car would be and was exposed to danger, and that by the exercise of due care the defendant could have prevented the same and protected the plaintiff and other passengers from all injury.

It follows as a matter of course that if the defendant could operate the car, and at the same time by the exercise of due care protect his passengers, including the plaintiff, from injury, he would not be negligent simply because he operated the car. In short, the two claims are inconsistent, and, if the evidence establishes that the defendant might by the exercise of due care have protected the plaintiff from violence while a passenger in his car, it was not negligence to run the car. The negligence in such a case would be the failure to use due care to protect the plaintiff, and not the fact that the car was operated. The plaintiff here claims that the evidence is sufficient to establish the negligence of the defendant in the two particulars alleged in the complaint. If this be so, then the evidence tends to disprove the further claim that it was negligence to attempt to operate the car. It was error to submit this last claim to the jury, for which a new trial must be granted.

It is proper, with reference to such trial, to briefly consider two other alleged errors urged by the defendant. The first is the claim that, because the stone which injured the plaintiff was thrown by a third party, who was not one of the strikers, the defendant was not in any view of the case responsible for the resulting injury; that the defendant had a right to assume that all per-

sons, except the strikers, would not only refrain from any acts of violence or lawlessness, but, on the contrary, would use their best efforts to suppress them; hence the defendant had no reason to anticipate the act which injured the plaintiff, and therefore cannot be charged with negligence for not guarding against it.

This course of reasoning ignores the actual conditions existing at and before the time of the injury. If the conditions had been normal, if there had been no strike, no mobs, no excitement, and no resentment on the part of the strikers and the many who sympathized with them, the claim of the defendant would be correct. But the evidence tends to show that the actual conditions were the reverse of those suggested, and that lawlessness, not order, reigned at and near the place of the injury. It was therefore, upon the evidence, a question for the jury whether the defendant ought not, under the circumstances, to have reasonably anticipated violence from persons not directly connected with the strikers, and to have exercised due care to protect his passengers therefrom. We are not to be understood as intimating the opinion that he did not observe due care in the premises, or that he did.

The other claim is to the effect that the court erred in receiving in evidence the petition of the receiver to the court, wherein he stated that a general strike had been inaugurated by his employees and gave a general statement of the acts of violence committed and of the interference he had encountered in his efforts to operate his cars. So much of the petition as related to conditions existing and events occurring before the plaintiff was injured was properly received in evidence, as tending to charge the defendant with notice of them.

Order reversed, and a new trial granted.