PAULINE AND LEON SZYCA v. NORTHERN LIGHT LODGE NO. 121, I. O. O. F.[1]

January 29, 1937.

No. 30,619.

[1]Reported in 271 N. W. 102.

*E. Luther Melin,* for appellants.

*Cobb, Hoke, Benson, Krause & Faegre* and *Paul J. McGough,* for respondent.

LORING, JUSTICE.

After a directed verdict in favor of defendant, plaintiffs moved for a new trial and come here upon appeal from the order denying that motion.

The defendant fraternal organization owns and operates a three-story building in Minneapolis. A hall on the third floor is often rented for public meetings. The Art Cast Aluminum Ware Corporation, through its agent, occasionally rented the hall for an afternoon to display its products to the public. Leasing of the hall also included the use of tables and chairs. January 6, 1935, Merz, the agent of the aluminum company, had rented the hall for a public exhibition of his company's product, and the hall was well filled. To accommodate the audience, chairs had been set up by agents of the aluminum company. Plaintiff, a woman of 52, weighing 190 pounds, arrived at the meeting, sought and found a chair, and seated herself. The chair collapsed beneath her, and she fell to the floor, sustaining injuries for which she now seeks damages. Her husband sued for loss of services, and the actions were consolidated for trial.

Appellants' various assignments of error may be divided into three major contentions: (1) That the doctrine of *res ipsa loquitur*

was applicable; (2) that there was sufficient evidence of defendant's negligence to justify submitting the case to a jury; and (3) that the court improperly sustained objections to plaintiffs' questions designed to bring out the general condition of the chairs leased by defendant.

Carl Langagar was the caretaker and rental agent of defendant's building, and it was he who rented the hall to Merz. Merz was told that he could use the chairs to accommodate his audience. The chairs were kept piled in a rest room adjacent to the hall and were pointed out to Merz by Langagar. It was agreed that Langagar would replace the chairs in the rest room after the meeting, but Merz's assistants set them upon the floor of the hall.

■ With plaintiffs' contention that the doctrine of *res ipsa loquitur* is applicable to the facts here under consideration we cannot agree. In order to invoke that doctrine the plaintiff must show that the instrumentality causing the accident was wholly within and under the control of the defendant. Sullivan v. Minneapolis St. Ry. Co. 161 Minn. 45, 200 N. W. 922; McGillivray v. G. N. Ry. Co. 138 Minn. 278, 164 N. W. 922; Fewings v. Mendenhall, 83 Minn. 237, 86 N. W. 96, 55 L. R. A. 713. During the rental period the aluminum company had control of the chairs to use for its purposes as it saw fit. That fact is undisputed. Under the circumstances we think the doctrine not here applicable.

■ No Minnesota case has been called to our attention in which this court has laid down the rule governing the duty to the public of a lessor of property leased for public purposes. But if, as plaintiffs assert, defendant owed to the plaintiffs ordinary care to see that the chairs were reasonably safe for the use for which they were intended, they have failed to show any neglect of such a duty. It appears from uncontradicted testimony that Langagar had previously carefully inspected all the chairs for defects. No proof that the chair that collapsed was defective appears. It was of the folding or collapsible variety. It might conceivably be that it had not been firmly placed or had not been properly set up by the agents of the aluminum company. Whatever the duty of the defendant, obviously it would not be liable for an accident resulting from such

a cause. On the record, as a matter of law, no negligence appears.
 We have carefully examined the questions to which defendant's objections were sustained by which the general state of repair of the chairs was sought to. be shown. The objections were all properly sustained.

Affirmed.

MR. JUSTICE PETERSON, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.

