## JEAN HASKIN v. NORTHEAST AIRWAYS, INC.

123 N. W. (2d) 81.

August 2, 1963—No. 38,752.

*Saxhaug & Scherkenbach,* for appellant.
*Hulstrand, Abate & Wivoda,* for respondent.

SHERAN, JUSTICE.

The appeal is from a judgment of the district court entered pursuant to its order granting defendant's motion for summary judgment.

The determinative facts are derived from the pleadings. On July 31, 1955, Jean Haskin sustained severe personal injury as a result of the crash of an airplane owned by defendant, Northeast Airways, Inc., and operated at the time, with its permission and authority, by Wayne Haskin. It is alleged that Haskin "flew said aircraft and did so in a negligent, careless, and reckless manner, thereby causing it to fall to the ground, injuring the plaintiff." It is not alleged or asserted that Wayne Haskin was the agent or servant of Northeast Airways, Inc., at the time and place of the accident. There are no claims of fact to support a finding of negligence in authorizing the use of a chattel which the owner knew or should have known to be defective. It was not pleaded that

Wayne Haskin was a reckless or incompetent operator to the actual or constructive knowledge of defendant.

The limited question for decision, therefore, is whether a passenger in an airplane who sustains injury as a result of a crash caused by the negligence of the aeronaut has by reason of that fact alone a cause of action for the damages sustained against the owner who consented to and authorized the use of the plane.

In 1929 Minnesota adopted the Uniform Aeronautics Act. Section 5[1] of this enactment makes an owner of "aircraft absolutely liable for injury or damage to persons or property on the land or water beneath, caused by the ascent, descent, or flight of the aircraft, or the dropping or falling of any object therefrom, * * * unless the injury or damage is caused in whole or in part by the negligence of the person injured, or of the owner or bailee of the property damaged." Liability of the owner in other cases, such as the one here, is governed by § 6[2] of the act, which provides:

"The liability of the owner of * * * aircraft * * * [to] passengers * * * for damages caused by collision on land or in the air shall be determined by the rules of law applicable to torts occurring on land."

According to the applicable rules of law governing torts occurring on land, the bailor of a chattel is not liable for damages caused by the negligence of his bailee[3] in the absence of particular circumstances, such as, a defect in the chattel proximately causing the accident of which the owner had actual or constructive knowledge at the inception of the bailment; or the entrustment of the chattel to a bailee whose reckless or incompetent propensities were within the actual or constructive knowl-

---

[1]Section 5 of the Uniform Aeronautics Act is now Minn. St. 360.012, subd. 4.

[2]Section 6 of the Uniform Aeronautics Act is now Minn. St. 360.012, subd. 5.

[3]In the absence of statute, a bailor is not liable for the negligence of his bailee. Mogle v. A. W. Scott Co. 144 Minn. 173, 174 N. W. 832; Cornish v. Kreuer, 179 Minn. 60, 228 N. W. 445; Szyca v. Northern Light Lodge No. 121, 199 Minn. 99, 271 N. W. 102.

edge of the bailor.[4] The rule is otherwise where agency in fact appears.[5]

From this analysis it follows that under the Uniform Aeronautics Act there is no liability as against the owner in this case.[6]

Plaintiff contends, however, that the law with respect to the liability of an owner of an airplane was changed by the legislature in 1943 and that now an owner is vicariously liable for the negligence of the bailee in all cases. L. 1943, c. 653 (hereafter called the Minnesota Aeronautics Act),[7] to which plaintiff refers, was an apparent attempt by the legislature to consolidate and expand the statutory regulation of aviation. It is entitled: *"An act relating to aeronautics and defining words, terms and phrases; creating an aeronautics department and office of aeronautics commissioner and setting forth powers and duties thereof; providing for the acquisition, construction, operation and regulation of airports; providing for zoning for airport purposes; prescribing penalties; * * * ."* Section 1[8] of this act is captioned "Definitions" and consists of 29 subdivisions defining terms used in the statute, one of which will be considered in detail hereafter. Sections 2 to 19 of this law served to create

---

[4]One who supplies a chattel to another is liable to third parties for injuries caused by its use in manner for which it is supplied if supplier knows, or should realize, that it is likely to be dangerous for such use, and has no reason to believe that person to whom it is supplied will realize such danger and supplier fails to exercise reasonable care to inform him thereof.

One who supplies chattel to another whom supplier knows, or should know, will be likely, because of his youth or inexperience, to use it in manner involving unreasonable risk of harm to others whom supplier should expect to be in vicinity of its use, is subject to liability for any bodily harm thereby caused to them. Mikel v. Aaker, 256 Minn. 500, 99 N. W. (2d) 76.

[5]Hippe v. Duluth Brewing & Malting Co. 240 Minn. 100, 59 N. W. (2d) 665.

[6]See, 8 Am. Jur. (2d) Aviation, § 72, and cases cited in footnotes 9 to 15, p. 695.

[7]The Minnesota Aeronautics Act has been amended frequently since 1943 in particulars not here significant and is now to be found in Minn. St. c. 360.

[8]This section is now Minn. St. 360.013.

the Department of Aeronautics; fix the duties of the Commissioner of Aeronautics; provide for the licensing of aircraft and of pilots; and establish the basis for regulation of airports and approaches. Section 19[9] of the act made violation of its provisions or of regulations made pursuant to it, unless otherwise specified, a misdemeanor. In § 19, subds. 3 to 6,[10] aircraft tampering, stunt flying without a parachute, trick and low level flying in the vicinity of crowds, and similar conduct are forbidden.

L. 1943, c. 653, § 20, is a reenactment of the Uniform Aeronautics Act first adopted, as stated, in this state in 1929.[11] The reenactment of § 6 of the Uniform Aeronautics Act (now Minn. St. 360.012, subd. 5) indicated, at the outset, that the legislature did not intend to change the law then in force relating to the liability of plane owners to passengers for personal injury. Plaintiff contends, however, that an intent to alter the law can be found in the definition in Minn. St. 360.013, subd. 10, which provides:

" 'Operation of aircraft' or 'operate aircraft' means the use of aircraft for the purpose of air navigation and includes the navigation or piloting of aircraft. Any person who causes or authorizes the operation of aircraft, whether with or without the right of legal control (in the capacity of owner, lessee, or otherwise) of the aircraft, shall be deemed to be engaged in the operation of aircraft within the meaning of the statutes of this state."

It is difficult to determine what was intended to be clarified by this section of the definitions. L. 1943, c. 653, § 5, made it "unlawful for any person to operate or navigate, or cause or authorize to be operated or navigated, any civil aircraft within the state unless such aircraft be licensed annually by the commissioner" or by some other specified government agency. Section 6 made it unlawful for any person to operate or to cause to be operated any aircraft in this state unless licensed annually

---

[9]This section is now a part of Minn. St. 360.075.
[10]See footnote 9.
[11]The Uniform Aeronautics Act is now Minn. St. 360.012.

by the commissioner or otherwise certified in lieu of such license.[12] It seems reasonably clear that the legislature intended by the above-quoted § 360.013, subd. 10, to make any person authorizing the use of a plane responsible for the procurement of the required plane license and for determining that the person authorized to use the plane possessed a pilot's license as required by the act.

Were it not for three decisions cited by plaintiff construing language such as that used in § 360.013, subd. 10, appearing also in the Laws of Iowa,[13] New Hampshire,[14] and Mississippi,[15] we would have no difficulty in accepting the trial court's interpretation of the Minnesota act. In the cited cases, however, it was held that this language created a statutory vicarious liability on the part of plane owners for the negligence of the bailee of the plane. These courts were not confronted as we are with a conflict between the language of § 360.013, subd. 10, and the language of § 360.012, subd. 5. Iowa, New Hampshire, and Mississippi were among the states not adopting the Uniform Aeronautics Act, and our examination of the statutes of these states indicates that at the time of the decisions cited by plaintiff, their statutory law did not include any enactment providing that the liability of an owner of an airplane in a case such as this should be determined by the rule of law applicable to torts occurring on land. Since the conflict mentioned did not exist in these jurisdictions, the authors of the opinions above cited were not compelled, as we are, to make a choice between acceptance of § 360.013, subd. 10, and § 360.012, subd. 5. For this reason the authorities cited are not controlling or definitive.

The trial court noted that the construction for which the plaintiff contends "would render the civil liability section of our statute a nullity, a result which should be avoided if at all possible."

In our opinion the fact that the legislature reenacted the language of § 360.012, subd. 5, after it had been in force in this state for some 14

---

[12]Sections 5 and 6 of the Minnesota Aeronautics Act are now to be found in Minn. St. 360.018, subd. 2.

[13]Lamasters v. Snodgrass, 248 Iowa 1377, 85 N. W. (2d) 622.

[14]Hoebee v. Howe, 98 N. H. 168, 97 A. (2d) 223.

[15]Hays v. Morgan (5 Cir.) 221 F. (2d) 481.

years, indicates a specific intent that the liability of owners of airplanes in cases such as this should continue to be determined by the rules of law applicable to torts occurring on land. If § 360.013, subd. 10, casts doubt on this construction, the language of § 360.013, subd. 1, dictates that the doubt be resolved in favor of restricting the scope of § 360.012, subd. 5, because it provides that the words defined in the act should have the meaning given therein "unless another intention clearly appears, or the context otherwise requires." This quoted language, we believe, prevents superimposing the definition on the otherwise clear language of the act.

Our conclusion that the trial court correctly construed the statute as written is confirmed when we consider the decisive manner in which vicarious liability was imposed on automobile owners by the legislature in enacting Minn. St. 170.54[16] and the detailed legislative treatment given to the problem of vicarious liability of airplane owners elsewhere.[17]

---

[16]Minn. St. 170.54 provides: "Whenever any motor vehicle * * * shall be operated upon any public street or highway of this state, by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

[17]The following law was adopted in New York by L. 1959, c. 162: "Liability of an owner of aircraft. 1. Except as provided in subdivision three every owner of an aircraft shall be liable and responsible for death occasioned or injuries to person or property sustained, within or above this state, as a result of the use or operation of the aircraft in the business of the owner or otherwise, by any person using or operating the aircraft with the permission, express or implied, of such owner, in any case where the person using or operating the aircraft, or his estate, would be liable for such death or injuries.

"2. As used in this section, 'owner' means any person (other than a lien holder or, in the cases hereinafter described, a secured party) having the property in or title to an aircraft, and also any lessee or bailee having the exclusive use thereof, under a lease or otherwise, for a period of thirty days or more, and their liability under this section, where both are liable, shall be joint and several. If an aircraft be sold under a contract of conditional sale whereby the title to such aircraft remains in the vendor, such vendor or his assignee shall not, after delivery of such aircraft, be deemed an owner within the provisions of this section, but the vendee or

The strong considerations of public policy which would justify a change in the law in this regard are for the legislature and not this court to evaluate.

Affirmed.

---

his assignee, receiving possession thereof, shall be deemed such owner notwithstanding the terms of such contract, until the vendor or his assignee shall retake possession of such aircraft. A chattel mortgagee, conditional vendor, or an entruster as defined by section fifty-one of the personal property law, of an aircraft out of possession, or other person having a security interest in or security title to an aircraft not in his actual possession or control, shall not, by reason of such security interest or security title, be deemed an owner within the provisions of this section.

"3. Subdivision one of this section shall not apply where the permission to use or operate the aircraft is the permission of the lessor, expressed or implied, in a bona fide lease of the aircraft for a period of thirty days or more, that the aircraft be used or operated by the lessee or by persons using or operating it with the permission of the lessee.

"4. All bonds executed by or policies of insurance issued to the owner of an aircraft shall contain a provision for indemnity or security against the liability and responsibility provided in this section; but this provision shall not be construed as requiring that such policy include insurance against any liability of the insured, being an individual, for death of or injuries to his or her spouse or for injury to property of his or her spouse.

"5. This section does not relieve an owner of aircraft from liability under any other statute or rule of law or affect the liability of the person using or operating the aircraft."